JEROME W. COLE *vs.* DANIEL S. CHELLIS.

JEROME W. COLE *vs.* LUCINDA M. CHELLIS.

York.    Opinion February 20, 1923.

*An action is maintainable under R. S., Chap. 87, Sec. 159, to recover damages in case of a judgment obtained by perjury, but a defendant who authorizes the court to assume that the plaintiff's testimony is true for the purpose of passing on a motion for a nonsuit and agrees that if a nonsuit is refused, final judgment may be entered for the plaintiff for the amount of his claim, does not present a case within the intendment of the statute.*

The plaintiff brought these actions against the defendants under R. S.; Chap. 87, Sec. 159, alleging that in former suits wherein he was defendant judgment was obtained against him by the perjury of the present defendants.

It appears that in each of the former cases, Mr. Cole at the close of the plaintiff's testimony made a motion for a nonsuit. This motion was granted subject to an agreed stipulation that if for any cause the Law Court should overrule the order of nonsuit judgment should be entered for the plaintiffs. The Law Court did in effect overrule the order of nonsuit and did enter judgment for the plaintiffs.

On exceptions by plaintiff. These are actions brought under R. S., Chap. 87, Sec. 159, to recover damages as the result of alleged perjury committed by these defendants in two former cases wherein the

defendants in these cases were plaintiffs, and the plaintiff in these actions and another were defendants, which cases resulted unfavorably to the defendants in those cases. In the former cases a nonsuit was granted with the following stipulation: "Motion for nonsuit granted in consideration of the agreement on the part of the defendants, that if for any cause the Law Court shall overrule the order of nonsuit, the Law Court is hereby authorized to enter judgment for the plaintiffs for the full amount of their respective claims and injuries." In these cases, being tried together, before any testimony was introduced, counsel for defendants moved for a nonsuit on the ground that the plaintiff, who was one of the defendants in the former cases, was barred from maintaining these actions by the stipulation entered into in the former cases, and a nonsuit was granted in each of these cases and plaintiff excepted. Exceptions overruled.

The cases are stated fully in the opinion.

*Emery, Waterhouse & Paquin and Elias Smith,* for plaintiffs.

*Mathews & Stevens,* for defendants.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, DEASY, JJ.

DEASY, J. Mr. and Mrs. Chellis brought actions of deceit against Mr. Cole. In each case the defendant moved for a nonsuit. In each the nonsuit was granted subject to the following stipulation: "Motion for nonsuit granted in consideration of the agreement on the part of the defendant that if for any cause the Law Court shall overrule the order of nonsuit, the Law Court is hereby authorized to enter judgment for the plaintiffs for the full amount of their respective claims and interest thereon." The Law Court in effect overruled the order of nonsuit and entered judgments for the plaintiffs. *Chellis* v. *Cole,* 116 Maine, 283.

The suits now under consideration are brought by Cole against Mr. and Mrs. Chellis under R. S., Chap. 87, Sec. 159. It is alleged that Mr. and also Mrs. Chellis in the former actions of *Chellis* v. *Cole* gave certain testimony on oath therein making statements that "were false and knowingly made as false and were material and pertinent then and there to the issue being tried and that the plaintiff has been injured and damnified."

At common law (4 Blackstone 137) and by statute (R. S., Chap. 124, Sec. 1) perjury is a crime. It is punished by drastic penalties.

At common law, however, there is no civil action for perjury. *Garing v. Fraser*, 76 Maine, 41. It is a cause for review (R. S., Chap. 94, Sec. 1) and by R. S., Chap. 87, Sec. 159 an action for damages is authorized. The statute is as follows: "When a judgment has been obtained against a party by the perjury of a witness introduced at the trial by the adverse party, the injured party may bring an action on the case within three years after such judgment or after final judgment in any proceedings for a review thereof, against such adverse party, or any perjured witness, or confederate in the perjury, to recover the damages sustained by him, by reason of such perjury; and the judgment in the former action is no bar thereto."

To maintain an action under the statute it must appear (1) that a judgment has been obtained against the plaintiff (2) by the perjury of a witness introduced at the trial by the adverse party (3) resulting in damage to the plaintiff.

In the instant case judgments were obtained against the present plaintiff in one case for four thousand dollars and in the other case for one thousand dollars with interest. But these judgments were obtained by consent and not "by perjury of a witness introduced at the trial by the adverse party." The stipulation provides that "if for any cause the Law Court shall overrule the order of nonsuit the Law Court is hereby authorized to enter judgment for the plaintiffs for the full amount of their respective claims and interest thereon." A judgment thus authorized cannot be said to be obtained by perjury. But it is argued that while final judgment in these cases was entered by consent, such consent was conditional upon the overruling of the order of nonsuit, and that such overruling by the court was a judgment "obtained against the plaintiff by perjury."

But the judgment contemplated in the statute is a judgment based on a judicial finding of fact. A refusal to grant a nonsuit or a reversal of an order of nonsuit is a judgment, but it is not so founded. A defendant in moving for a nonsuit says in effect "assuming the evidence offered by the plaintiff to be true, a jury is not justified in finding a verdict for the plaintiff." This presents an issue of law. The determination by the court of a pure question of law cannot properly be denominated a judgment obtained by perjury.

The law abhors fraud and perjury. It also abhors interminable litigation. We do not say that a party may in no cause withhold

his defense and set it up in an action to recover damages for perjury. But this is a course not to be commended.

In case of "judgment obtained by perjury" an action is under the statute maintainable to recover damages, but a defendant who authorizes the court to assume that the plaintiff's testimony is true for the purpose of passing on a motion for a nonsuit and agrees that if the nonsuit is refused final judgment may be entered for the plaintiff for the amount of his claim does not present a case within the intendment of the statute.

In each case the judgment must be,

*Exceptions overruled.*