WILLIAM H. MILNER

*vs.*

DENNIS HARE.

Knox.    Opinion December 27, 1926.·

*The essential elements of civil liability for perjury under R. S. Chap. 87, Sec. 159 are (1) a judgment obtained against a party (2) by the perjury of a witness (3) introduced at the trial by the adverse party.*

*A declaration that contains no allegation satisfying the third requirement is demurrable.*

In the instant case for aught that appears by such declaration the perjured witness, though he were the adverse party in the former trial, may have been introduced at that trial by the present plaintiff.

In such case a special demurrer was not necessary.   Such a defect is a matter of substance.   The declaration is silent in a matter that is of the essence of liability.

On exceptions by plaintiff.   An action to recover damages under R. S. Chap. 87, Sec. 159, for perjury by defendant in a former action between same parties.   At return term defendant filed a general demurrer which was joined and sustained by the presiding justice and plaintiff excepted.   Exceptions overruled.   Demurrer sustained.

The case fully appears in the opinion.

*E. W. Pike*, for plaintiff.

*R. I. Thompson*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, JJ., MORRILL, A.R.J.

DEASY, J.    Action brought under R. S. Chap. 87, Sec. 159 by a defeated litigant, in a case heard by a referee, against his successful adversary, to recover damages caused by the alleged perjury of the latter.   A demurrer to the declaration was sustained by the Presiding Justice.   The Plaintiff excepts.

The statute in question reads thus:—"When a judgment has been obtained against a party by the perjury of a witness introduced at the trial by the adverse party, the injured party may bring an action on the case within three years after such judgment or after final judgment in any proceedings for a review thereof, against such adverse party, or any perjured witness, or confederate in the perjury, to recover the damages sustained by him, by reason of such perjury; and the judgment in the former action is no bar thereto."

The defendant contends that, within the purview of the statute, a party whose testimony is introduced by himself or his counsel is not a witness, or at all events is not introduced as such. The plaintiff contends that the contrary is true.

The defendant maintains that a mere witness is civilly responsible for the consequences of his perjury, but that a witness who is also a party is not so responsible; and he says further that under the statute a party is accountable for the perjury of his witnesses but not for his own. The plaintiff replies that the Legislature did not intend to make distinctions so unreasonable and illogical.

The defendant fears that the plaintiff's construction will cause interminable litigation. To this it is rejoined that the very little litigation that this statute has caused in the sixty-two years of its existence has been speedily terminated; and that the statute has been and will be very seldom invoked for the reason that there are other and much better legal remedies.

The defendant cites some cases. The plaintiff replies that the cases cited are inapplicable, inasmuch as they do not construe the Maine Statute nor any statute.

Another theory advanced on one side, and denied on the other, is that the word "trial" in the statute, read in the light of the original enactment (Act of 1864 Chap. 253) means a trial in court and not a hearing by a referee.

We have thus stated the contentions of the parties. But the case does not require a decision of these controversies. For another reason the ruling of the Presiding Justice must be sustained.

Perjury is a heinous offence against the state and against the administration of justice. For this offence there are provided the drastic penalties of the criminal law. Redress for private wrongs wrought by perjury is afforded by motions for new trial and petitions for review. The statute above quoted creates a further civil remedy.

But he who seeks to avail himself of such statute, if he would guard against the consequences of a demurrer, must state a case coming within the terms of the statute.   "The case must be brought within its (the statutes') provisions by alleging the requisite facts" *Peru* vs. *Barrett* 100 Me. 215, *Karahalies* vs. *Dukais* 108 Me. 530; 36 Cyc. 1237.

The essential elements of liability under the statute are (1) a judgment obtained against a party (2) by the perjury of a witness (3) introduced at the trial by the adverse party.

The declaration contains no direct or even indirect allegation that satisfies the third requirement.

For ought that appears the defendant may have been called to the stand by the plaintiff.   This procedure is authorized by our statute (R. S. Chap. 87, Secs. 112 and 116) and is not infrequently resorted to.

In such case perjury is none the less criminal, but the statute above quoted creating the civil remedy does not apply.

The plaintiff might have moved to amend his declaration upon payment of costs.   R. S. Chap. 87, Sec. 36.   But the unamended declaration was demurrable.

The demurrer is general.   A special demurrer was not necessary. The defect is a matter not of mere form but of substance.   The declaration is silent in a matter that is of the essence of liability.

*Exceptions overruled.*
*Demurrer sustained.*