Robert D. SPICKLER

v.

Leo GREENBERG, et al.

Supreme Judicial Court of Maine.

Argued June 20, 1994.

Decided July 11, 1994.

---

Robert D. Spickler, pro se (orally).

Jonathan W. Brogan (orally), Russell B. Pierce, Jr., Norman, Hanson & Detroy, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD and RUDMAN, JJ.

ROBERTS, Justice.

■ Leo Greenberg and the Harbor Shop (Greenberg) appeal from a judgment entered in the Superior Court (Cumberland County, *Lipez, J.*), following a jury trial in which Greenberg was found liable for perjury pursuant to Maine's unique civil perjury statute, 14 M.R.S.A. § 870 (1980).[1] Because Spickler failed to establish the elements necessary for recovery pursuant to the statute, we vacate the judgment.

This case is the culmination of almost fourteen years of litigation between the parties. The pertinent facts may be taken from *Spickler v. Greenberg*, 586 A.2d 1232, 1233 (Me.1991), as follows:

> In 1979, Maine Coast Properties, Inc., a business brokerage firm, entered into a listing agreement with the Harbor Shop, Inc., for the sale of a women's apparel store in Portland. [Robert and Olive Spickler] were the sole shareholders and officers of Maine Coast Properties; Greenberg was the president of the Harbor Shop. As a result of Robert Spickler's efforts, the Harbor Shop entered into a purchase and sale contract with Robert and Virginia Flynn. However, Greenberg and the Flynns subsequently met without Spickler's knowledge and agreed to rescind their contract. Maine Coast Properties sued Greenberg and the Harbor Shop to recover a broker's commission of $20,000. After a jury-waived trial in 1984, the court ruled that Maine Coast Properties was not entitled to recover a broker's commission or to retain any part of the Flynns' $10,000

---

1.  14 M.R.S.A. § 870, enacted in 1864 and never substantially amended, provides:

    When a judgment has been obtained against a party by the perjury of a witness introduced at the trial by the adverse party, the injured party may, within 3 years after such judgment or after final disposition of any motion for relief from the judgment, bring an action against such adverse party, or any perjured witness or confederate in the perjury, to recov-

er the damages sustained by him by reason of such perjury; and the judgment in the former action is no bar thereto.

Maine is the only state that recognizes a civil action for perjury. Comment, *The Rule Against Civil Actions for Perjury in Administrative Agency Proceedings: A Hobgoblin of Little Minds*, 31 U.Pa.L.Rev. 1209, 1210–14 (1983). *See generally* 60A Am.Jur.2d *Perjury* § 132 (1988 & Supp. 1994).

earnest money deposit because Spickler had not procured a buyer who was willing and prepared to purchase the property on Greenberg's terms.

The trial court in 1984 entered judgment against both Maine Coast Properties and the Spicklers on the Flynns' counterclaim. Spickler, but not Maine Coast Properties, appealed that judgment. *See Spickler v. Flynn,* 494 A.2d 1369 (Me.1985) (per curiam) (dismissing Spickler's appeal of the judgment on the Flynns' counterclaim because the judgment against Maine Coast Properties barred its retention of the deposit and precluded any relief on appeal to Spickler).

In July 1985 the Spicklers, as Maine Coast Property's assignees, brought the present action against Greenberg, the Flynns, and Greenberg's lawyers, based on the alleged perjury of Greenberg and Flynn at the previous trial. The court entered a series of summary judgments between 1986 and 1989 in favor of all defendants.[2] On appeal in 1991, we vacated the judgment in favor of Greenberg, but affirmed the judgment in favor of the others. *Spickler v. Greenberg,* 586 A.2d 1232. At the trial after the remand, the jury found in favor of Spickler. Greenberg's timely appeal followed.

## I.

During the trial of the present action, Greenberg sought a jury instruction on a heightened standard of proof. Because the statute is silent as to the proper standard of proof, the trial court denied his request and applied the "preponderance of the evidence" standard. The importance of correctly determining that perjury occurred in the original trial, however, leads us to impose a "clear and convincing evidence" standard of proof in civil perjury actions. *See Taylor v. Commissioner of Mental Health,* 481 A.2d 139, 144 (Me.1984) (court defines standard where statute is silent). Because of the need to preserve prior judicial orders and adjudications, the burden should be on the plaintiff to show that it is "highly probable" that the witness both lied and knew that his testimony was false. *Id.* at 154; *see McCracken v.*

*McCracken,* 617 A.2d 1034, 1035 n. 3 (Me. 1992) (ultimate factfinder should have "an abiding conviction that the truth of [the] factual contentions [is] 'highly probable'"); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 60.8 (1970 & Supp.1981) (in all cases where fraud is asserted the standard is "clear and convincing evidence").

Moreover, the issue should not be submitted to a new factfinder solely on the same record as in the original trial. *Cf. State v. Farrington,* 411 A.2d 396, 401 (Me.1980) (criminal perjury cases require two witnesses or single witness with corroborating evidence to establish falsity of evidence); 7 John H. Wigmore, *Wigmore on Evidence* § 2042 (Chadbourn rev. 1978 & Supp.1991) (same). As we have previously stated, "The law abhors fraud and perjury. It also abhors interminable litigation." *Cole v. Chellis,* 122 Me. 262, 264, 119 A. 623 (1923). A higher standard of proof and corroborating evidence will aid discovery of the former while preventing the latter.

## II.

At the close of the evidence, Greenberg unsuccessfully moved for a judgment as a matter of law, arguing that Spickler had not established a *prima facie* case of perjury. The court later denied his renewed motion for a judgment, brought on the same ground. Greenberg concedes that he did not specifically raise the fact that he had been called as a witness by Spickler in the original trial. Although we usually would not address this issue raised for the first time on appeal, the dispositive fact is undisputed. In this instance where the judgment must be vacated on other grounds, we will decide the issue in the interest of judicial economy and substantial justice. *Hawke v. Hawke,* 395 A.2d 449, 451 n. 3 (Me.1978): M.R.Civ.P. 61; *see* Field, McKusick & Wroth at § 50.4.

In *Milner v. Hare,* 126 Me. 14, 135 A. 522 (Me.1926), we reiterated the elements of a civil perjury action and affirmed a judgment against the plaintiff because of his fail-

---

**2.** In July 1990, the Flynns signed a mutual release and settlement agreement with the Spick-lers. In March 1991, Olive Spickler withdrew as a party to the action.

ure to satisfy the third element, that the allegedly perjurious witness was introduced by the adverse party. Our steadfast adherence to the principle of finality compels us to construe this statute, which runs contrary to common law, strictly. In *Milner,* we warned, "[H]e who seeks to avail himself of such a statute ... must state a case coming within the terms of the statute." *Id.* at 16, 135 A. 522. *See also Cole v. Chellis,* 122 Me. 262, 119 A. 623 (civil perjury action dismissed because judgment complained of had been obtained by stipulation of parties).

Spickler does not dispute that he called Greenberg as a witness in the original trial. Accordingly, he cannot prevail. That the alleged perjury was later repeated by Greenberg when his own lawyer questioned him is irrelevant.

We need not address any other issues raised in this appeal.

The entry is:

Judgment vacated.

Remanded for the entry of a judgment for the defendants.

All concurring.