### Karl KRAUL et al.

v.

### MAINE BONDING & CASUALTY CO. et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 21, 1996.

Decided March 12, 1996.

---

Grover G. Alexander, Gray, for Plaintiffs.

Geoffrey K. Cummings, Preti, Flaherty, Beliveau & Pachios, Thomas F. Monaghan, Monaghan, Leahy, Hochadel & Libby, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, and RUDMAN, JJ.

ROBERTS, Justice.

Plaintiffs Karl Kraul and his mother, Sandra Bouthiet, appeal from a summary judgment entered in the Superior Court (Cumberland County, *Bradford, J.*) in favor of the defendants, Maine Bonding & Casualty Company; Roger C. Legere; and an independent insurance agency, Blake, Hall & Sprague, Inc., on the plaintiffs' consolidated actions seeking damages for perjury pursuant to 14 M.R.S.A. § 870 (1980). The plaintiffs argue that the court erred in construing section 870 and in holding that the judgment in the previous trial was not based on perjured testimony. We affirm the judgment.

In 1978 Karl Kraul was severely injured when he dove into a swimming pool sold and installed by Kasu Corporation, a company that ceased doing business in 1977. The plaintiffs obtained a default judgment against Kasu. While in business, Kasu was insured by Maine Bonding and had obtained the policy through the insurance agency. The policy had expired before the accident and conse-

quently Maine Bonding refused to defend Kasu in the suit.[1]

In 1985 the plaintiffs brought an action against Maine Bonding to reach and apply the insurance coverage. At the same time, the plaintiffs as assignees of Kasu commenced an action against Maine Bonding for breach of contract, negligence, and punitive damages. The court (*Wernick, A.R.J.*) granted a summary judgment to Maine Bonding in both actions. We affirmed the judgment in the reach and apply action. *Kraul v. Maine Bonding & Casualty Co.*, 559 A.2d 338 (Me.1989) (*Kraul I*). The court allowed the plaintiffs, as assignees, to amend their complaint to include claims based on implied contract and estoppel. Following a jury trial the court directed a verdict in favor of Maine Bonding and we affirmed the judgment. *Kraul v. Maine Bonding & Casualty Co.*, 600 A.2d 389, 391 (Me.1991) (*Kraul II* ), *cert. denied*, 504 U.S. 959, 112 S.Ct. 2311, 119 L.Ed.2d 232 (1992). Pursuant to section 870, the plaintiffs commenced the present actions, subsequently consolidated, alleging that perjury contained in an affidavit and deposition submitted in support of the summary judgment motions and in the trial resulted in judgments adverse to the plaintiffs. The court (*Bradford, J.*) granted the defendants' motion for a summary judgment and the plaintiffs appeal.

The plaintiffs contend that the court erred in concluding that the perjury in *Kraul I* relating to a motion for a summary judgment is not "perjury of a witness at the trial" within the meaning of 14 M.R.S.A. § 870. We review the trial court's interpretation of a statute for errors of law. *Thibeault v. Larson*, 666 A.2d 112, 114 (Me. 1995). When we interpret a statute we examine the plain meaning of the statutory language, seeking to give effect to the legislative intent. *Id.*

14 M.R.S.A. § 870 provides:

When a judgment has been obtained against a party by the perjury of a witness introduced at the trial by the adverse party, the injured party may, within 3 years

---

1. Kasu's action against the agency for negligence and breach of contract was barred by the statute of limitations. *See Kasu Corp. v. Blake, Hall & Sprague, Inc.*, 582 A.2d 978 (Me.1990).

after such judgment or after final disposition of any motion for relief from the judgment, bring an action against such adverse party, or any perjured witness or confederate in the perjury, to recover the damages sustained by him by reason of such perjury; and the judgment in the former action is no bar thereto.

"Our steadfast adherence to the principle of finality compels us to construe this statute, which runs contrary to common law, strictly." *Spickler v. Greenberg,* 644 A.2d 469, 472 (Me. 1994). The elements of a civil perjury action are: (1) a judgment obtained against a party, (2) by the perjury of a witness, and (3) introduced at the trial by the adverse party. *Milner v. Hare,* 126 Me. 14, 16, 135 A. 522, 523 (1926). "He who seeks to avail himself of such a statute . . . must state a case coming within the terms of the statute." *Spickler,* 644 A.2d at 472 (quoting *Milner,* 126 Me. at 16, 135 A. at 523) (plaintiff who called alleged perjurer as a witness in original trial could not prevail in civil perjury action even though alleged perjury was later repeated by witness when his own attorney questioned him). *See also Cole v. Chellis,* 122 Me. 262, 264–65, 119 A. 623, 623–24 (1923) (dismissing civil perjury action on ground that judgment complained of had been obtained by stipulation of the parties).

 The plain meaning of the statutory language of section 870 requires that perjury of a witness be "introduced at the trial." A summary judgment proceeding is not a trial; rather, it is a *method for promptly disposing* of an action without a trial if there is no genuine dispute as to any material fact and any party is entitled to a judgment as a matter of law. *See* M.R.Civ.P. 56; 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.4, at 39 (2d ed. 1970) (hearing on summary judgment motion is "not in any sense a trial"). Thus, strictly construing the statute, perjury contained in an affidavit and deposition submitted in support of a summary judgment motion is not perjury of a witness "introduced at the trial" within the meaning of section 870. Expansion of the scope of the statute is a function for the Legislature and not the courts.

The court also found that, assuming that the witness committed perjury at the trial in *Kraul II,* the trial court disregarded the perjurious testimony. The plaintiffs contend that had there been no perjury, the Superior Court and this Court would have rendered judgments favorable to the plaintiffs in *Kraul II.* Both the trial court's ruling and our decision affirming the judgment demonstrate that the trial court's judgment was not based on perjured testimony; rather, it was based on the plaintiffs' failure to prove the elements required to prevail under an implied contract or estoppel theory of recovery. *See Kraul II,* 600 A.2d at 391.

The entry is:

Judgment affirmed.

All concurring.