STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 MAR 30  P 3: 57

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-426

REC- CUM- 2/30 2004

ANITA BORLAWSKY
            Plaintiffs

v.

TOWN OF WINDAM, et al.,
            Defendants.

ORDER ON DEFENDANTS'
MOTIONS TO DISMISS

DONALD ...
L... 

MAY 25 2004

Before the court are Defendants' Motions to Dismiss pursuant to M. R. Civ. P. 12(b)(6)[1] and M. R. Civ. P. 41(b).

## FACTUAL BACKGROUND

The following is adopted from Judge Hornby's summary of the case in his September 26, 2000 order. See Borlawsky v. Town of Windham, 115 F. Supp. 2d 27, 28 (D. Me. 2000).

This case arises out of a confrontation between the plaintiff, Borlawsky, and her teenage daughter. During the dispute, foul names were exchanged, the plaintiff struck her daughter, and the plaintiff made a threat of some kind. The episode, or parts of it, took place in front of another child and Defendant Janette Losciuto. As a result of what she allegedly witnessed, Janette Losciuto called her son, Scott Losciuto, the father/divorced husband and they proceeded to call law enforcement authorities. The plaintiff was arrested and charged with domestic violence assault and was subsequently acquitted. Defendant Scott Losciuto sought a protection from abuse order on behalf of the children. Subsequently, the plaintiff lost custody of the children to Defendant Scott

---

[1] Defendants Scott and Janette Losciuto have moved to dismiss under Rule 41(b) and Rule 12(b)(6), whereas Windham Defendants have only moved to dismiss under Rule 12(b)(6).

1

Losciuto. The plaintiff then brought this action for damages in state court against Scott Losciuto, Janette Losciuto, the law enforcement officers involved, and the law enforcement officers' employers. The defendants removed the action to federal court.

In federal court, the defendants made motions for summary judgment in two waves. In the spring of 2000, Judge Hornby granted motions for summary judgment made by Joachim Schnupp and Cumberland County. In the fall of 2000, Judge Hornby granted the summary judgment motions in favor of the remaining defendants as to all federal law claims and remanded the state law claims back to the Cumberland County Superior Court. The plaintiff unsuccessfully appealed her federal claims to the U.S. Circuit Court of Appeals for the First Circuit, and then unsuccessfully petitioned for writ of certiorari to the U.S. Supreme Court. In the summer of 2003, more than a year after certiorari was denied on the federal claims, the state claims were revived in this court.

The plaintiff's complaint has three counts. The first count is against the County of Cumberland and Joachim Schnupp, both of whom are no longer parties in this action. The second count involves allegations against the Town of Windham and Michael Denbow ("Windham Defendants"), and the third count involves allegations against Scott and Janet Losciuto. In both Count II and Count III, the plaintiff demands judgment against the defendants in an amount to fully compensate her, as well as requests attorney's fees, interest and costs.

The allegations in the plaintiff's complaint are vague. At the September 3, 2003 Status Conference on this case, the plaintiff claimed that her complaint asserted the following claims against the remaining parties:

(1) Violation of 5 M.R.S.A. § 4682, Maine's Civil Rights Act (against the Windham Defendants);

(2) Violation of 14 M.R.S.A. § 870, Maine's Civil Perjury Statute (against Janet Losciuto and Scott Losciuto);

(3) False Imprisonment (against Janet Losciuto and Scott Losciuto);

(4) False Arrest (against the Windham Defendants);

(5) Assault and Battery (against the Windham Defendants); and

(6) Malicious Prosecution (against Janet Losciuto, Scott Losciuto, and the Windham Defendants).

At the conference, the defendants disputed whether the above-listed claims remained, and the court asked the defendants to file motions to dismiss so that the court could determine the matter. Accordingly, the Windham Defendants, Scott Losciuto and Janette Losciuto each moved separately for dismissal. The plaintiff filed one response to the defendants' collective motions. In her response, the plaintiff attempts to set forth additional claims against the defendants.[2] However, because these claims were not set forth at the Status Conference, the court determines that the plaintiff may not raise them in her responsive pleading.

## DISCUSSION

---

[2] The Plaintiff's Memorandum in Response to Defendants' Motions to Dismiss sets forth the following claims against the defendants:
    (1) Violation of 14 M.R.S.A. § 870 (against Janet Losciuto and Scott Losciuto);
    (2) False Imprisonment (against Janet Losciuto, Scott Losciuto, *and the Windham Defendants*);
    (3) False Arrest (against *Janet Losciuto, Scott Losciuto,* and the Windham Defendants);
    (4) Malicious Prosecution (against Janet Losciuto, Scott Losciuto, and the Windham Defendants);
    (5) *Abuse of Process (against Janet Losciuto and Scott Losciuto);*
    (6) Assault and Battery (against the Windham Defendants);
    (7) Violation of 5 M.R.S.A. § 4682, the Maine Civil Rights Act (against *Janet Losciuto, Scott Losciuto* and the Windham Defendants);
    *(8) Intentional Infliction of Emotional Distress ("IIED") (against Janet Losciuto, Scott Losciuto, and the Windham Defendants);*
    *(9) Negligent Infliction of Emotional Distress ("NIED") (against the Windam Defendants); and*
    *(10) Punitive Damages (against Janet Losciuto, Scott Losciuto, and the Windam Defendants).*

See Pl.'s Mem. in Res. To Defs.' Motions to Dismiss at 9-10. The italicized claims are the claims not asserted at the Status Conference.

*I. Dismissal for Failure to State a Claim Under M. R. Civ. P. 12(b)(6)*

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the third-party complaint. Heber v. Lucerne-in-Maine Village Corp., 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066. A complaint may be dismissed "only when it appears beyond a doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." Id.

### a. *Violation of 5 M.R.S.A. § 4682, Maine's Civil Rights Act (against the Windham Defendants)*

The defendants assert that because the Maine Civil Rights Act is modeled after the Federal Civil Rights Act, the District Court's decision granting summary judgment to the defendants on the plaintiff's federal civil rights claim mandates a dismissal of her state civil rights claim. See Windham Defs.' Motion to Dismiss at 3; see also Forbis v. City of Portland, 270 F. Supp. 2d 57, 61 (D. Me. 2003) (holding that the disposition of the federal claim controls the plaintiff's claim under the Maine Civil Rights Act, 5 M.R.S.A. § 4682, because the latter is patterned on 42 U.S.C. § 1983) (citing Jenness v. Nickerson, 637 A.2d 1152, 1158 (Me. 1994) and Fowles v. Stearns, 886 F. Supp. 894, 899 n.6 (D. Me. 1995)). While the defendants' argument may be attractive in the context of a motion for summary judgment, the argument is unavailing in the context of a motion to dismiss.

The court finds that the plaintiff's complaint does state a claim upon which relief may be granted under the Maine Civil Rights Act. The Maine Civil Rights Act provides, in pertinent part:

> 1-A. INTERFERENCE WITH RIGHTS; PRIVATE ACTIONS. Whenever any person, whether or not acting under color of law, intentionally interferes or attempts to intentionally interfere by physical force or violence against a person, damage or destruction of property or trespass on property or by the threat of physical force or violence against a

person, damage or destruction of property or trespass on property with the exercise or enjoyment by any other person of rights secured by the United States Constitution or the laws of the United States or of rights secured by the Constitution of Maine or laws of the State or violates section 4684-B, the person whose exercise or enjoyment of these rights has been interfered with, or attempted to be interfered with, may institute and prosecute in that person's own name and on that person's own behalf a civil action for legal or equitable relief.

5 M.R.S.A. § 4682 (2003).

The plaintiff's complaint alleges that while in the custody of Defendant Town of Windham, "the Plaintiff collapsed and was denied immediate medical help" and was "kicked on at least one occasion." See Compl. ¶ 19. These allegations state a claim upon which relief may be granted under section 4682 and, therefore, the plaintiff's civil rights claim against the Windham Defendants survives dismissal under M. R. Civ. P. 12(b)(6).

### b. Violation of 14 M.R.S.A. § 870, Maine's Civil Perjury Statute (against Janet Losciuto and Scott Losciuto)

The defendants assert that the plaintiff's claim for violation of 14 M.R.S.A. § 870, Maine's civil perjury statute, should be dismissed because the plaintiff has not established civil perjury as defined by statute and as interpreted by the Law Court. The court disagrees. Section 870 provides:

When a judgment has been obtained against a party by the perjury of a witness introduced at the trial by the adverse party, the injured party may, within 3 years after such judgment or after final disposition of any motion for relief from the judgment, bring an action against such adverse party, or any perjured witness or confederate in the perjury, to recover the damages sustained by him by reason of such perjury; and the judgment in the former action is no bar thereto.

14 M.R.S.A. § 870 (2003).

"The elements of a civil perjury action are: (1) a judgment obtained against a party, (2) by the perjury of a witness, and (3) introduced at the trial by the adverse

party." Kraul v. Maine Bonding & Cas. Co., 672 A.2d 1107, 1109 (Me. 1996) (citing Milner v. Hare, 126 Me. 14, 16, 135 A. 522, 523 (1926)). Because of its steadfast adherence to the principle of finality, the Law Court has held that section 870, which runs contrary to common law, should be strictly construed. Kraul, 672 A.2d at 1109 (Me. 1996); Spickler v. Greenberg, 644 A.2d 469, 472 (Me. 1994). The proponent of such an action must prove by clear and convincing evidence that (1) the witness lied, and (2) that the witness knew his testimony was false. Spickler, 644 A.2d at 471 (Me. 1994). In addition, a civil perjury action "should not be submitted to a new fact finder solely on the same record on the original trial." Id.

In the present case, there were two underlying trials in which judgments were obtained: the criminal domestic violence assault case, and the civil protection from abuse case. The plaintiff cannot recover under section 870 for any perjury in the criminal case because, as she acknowledges in her complaint, she was successful in that trial and no judgment was entered against her. See Compl. ¶ 23. The plaintiff's complaint does, however, allege all three of the requisite elements for establishing a civil perjury claim with respect to the civil protection from abuse action. The complaint alleges that judgment was entered against her in the protection from abuse case, by the perjury of witnesses Scott and Janette Losciuto, and introduced at the trial by Scott and Janette Losciuto, who were adverse parties. See Compl. ¶¶ 35-36.[3] In addition, the plaintiff's complaint alleges that Scott and Janette Losciuto lied and knew that they were lying when they were lying at the time that they testified as witnesses in the protection from abuse action. See Compl. ¶¶ 38-39.

### c. Tort Claims

---

[3] While the defendants' argument that a child custody decision is unlike other lawsuits that seek a judgment against a party is an attractive argument, see Def. S. Losciuto's Mot. to Dismiss at 6 (citing Ziehm v. Ziehm, 433 A.2d 725, 728 (Me. 1981) to establish this proposition), the court finds that the judgment in the protection from abuse action is a judgment within the meaning of section 870).

### 1. Doctrine of Law of the Case

The defendants assert that the plaintiff's false arrest, false imprisonment and malicious prosecution tort claims should be dismissed pursuant to the doctrine of law of the case based on the District Court's determination that Officer Denbow had probable cause to arrest the plaintiff.

> The court's discretion to revise a ruling by another justice in the same case is bounded by the doctrine of the law of the case. The doctrine of the "law of the case" rests on the sound policy that in the interest of finality and intra-court comity a Superior Court justice should not, in subsequent proceedings involving the same case, overrule or reconsider the decision of another justice. . . . The rule does not serve as a complete bar to reconsideration of an issue when the prior ruling is provisional or lacks clarity, or the error is of such character that it should be corrected at trial.

Monopoly, Inc. v. Aldrich, 683 A.2d 506, 510 (Me. 1996) (citations and internal quotations omitted); see also In re Wage Payment Litigation, 2000 ME 162, ¶¶ 21-23, 759 A.2d 217, 225 (applying a federal court decision in a related action as law of the case to affirm dismissal of consolidated actions).

In the present case, the doctrine of law of the case is not applicable, as the ruling in the District Court pertained to a motion for summary judgment rather than a motion to dismiss.

### 2. False Arrest (against the Windham Defendants)

The elements of a false arrest claim are generally as follows: "(1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the defendant had no privilege to cause the confinement." Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 8 (1st Cir. 1995) (citing Restatement (Second) Of Torts §§ 35, 118 cmt. b (1965)).

7

In the case at bar, the plaintiff's complaint establishes each of these elements. First, the plaintiff's complaint alleges, "Michael Denbow took the plaintiff into custody in furtherance of her arrest and began the so-called booking process." See Compl. ¶ 18. In addition, the complaint alleges that, at the time of the arrest, the plaintiff vehemently objected to the arrest and protested the arrest based on her innocence, thereby establishing the second and third elements of false arrest. See Compl. ¶ 18. And finally, the fourth element is established by the allegations in the complaint that the plaintiff's arrest was made "without a warrant of arrest and without lawful authority or justification." Hence, the plaintiff's claim for false arrest against the Windham Defendants withstands dismissal.

### 3. *False Imprisonment (against Janet and Scott Losciuto)*

One is liable for false imprisonment if: "(a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and (b) his act directly or indirectly results in such a confinement of the other, and (c) the other is conscious of the confinement or is harmed by it." Restatement of the Law (Second) Torts, § 35 (1965). Assisting a law enforcement officer in making an arrest or otherwise instigating the officer to enforce a warrant can expose a private citizen to liability for false imprisonment. Holland v. Sebunya, 2000 ME 160, ¶ 19, 759 A.2d 205, 212. In order for such liability to attach, there generally must be some action on the part of the citizen, such as physically assisting the officer, id., or persuading and/or influencing an officer to make a false arrest. Restatement (Second) of the Law of Torts, § 45A.

Here, the plaintiff's complaint alleges that Janette Losciuto and Scott Losciuto made calls to the Windham Police Department and the Cumberland County Sheriff and falsely and maliciously accused the plaintiff of viciously assaulting and threatening to

kill her daughter, as well as told the authorities that the plaintiff was mentally disturbed and was planning to flee the state of Maine. See Compl. ¶¶ 14-15. The complaint also alleges that as a result of the defendants' actions, the plaintiff was arrested. See Compl. ¶¶ 16-18. In addition, as noted above, it can be inferred from the allegations in the complaint that the plaintiff was conscious at the time of the confinement. See Compl. ¶ 18. These allegations are sufficient to establish a claim for false imprisonment against the defendants. Accordingly, the motions for dismissal on this claim made by Scott Losciuto and Janette Losciuto are denied.

### 4. Malicious Prosecution (against Janet Losciuto, Scott Losciuto, and the Windham Defendants)

The elements of a claim for malicious prosecution are: "(1) The defendant initiated, procured or continued a criminal action without probable cause; (2) The defendant acted with malice; and (3) The plaintiff received a favorable termination of the proceedings." Trask v. Devlin, 2002 ME 10, ¶ 11; 788 A.2d 179, 182.

Here, the plaintiff's complaint alleges that Janette and Scott Losciuto initiated a criminal action against the plaintiff by maliciously accusing the plaintiff of having assaulted and threatening to kill her daughter and influencing the police to arrest the plaintiff. See Compl. ¶¶ 14-15 & 26. In addition, the complaint alleges that the Windham Defendants maliciously arrested the plaintiff. See Compl. ¶¶ 16-18 & 26. Although the plaintiff does not explicitly state that the defendants did not have probable cause to act, the allegation can be inferred from the complaint. Finally, the complaint alleges that the criminal proceedings on the charge of domestic violence were terminated in her favor. See Compl. ¶ 23. Hence, the defendants' motions to dismiss the claim of malicious prosecution are denied.

### 5. Assault and Battery Claim (against the Windham Defendants)

"An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." Restatement of the Law, Second, Torts, § 13 (1965). The Law Court uses the term assault and battery idiomatically to refer to a consummated battery. Simmons, Zillman and Gregory, Maine Tort Law, § 1.04 at 7 (1999). In the present case, the plaintiff alleges that while she was in custody of Defendant Town of Windham, she was ridiculed and kicked on at least one occasion. See Compl. ¶ 19. This allegation is sufficient for the plaintiff's assault and battery claim to withstand dismissal under M. R. Civ. P. 12(b)(6). See Rogers v. Foote, 109 Me. 564 (Me. 1912) ("defendant committed an assault upon the plaintiff by kicking her twice in the side").

## II. Dismissal for Want of Prosecution Under M. R. Civ. P. 41(b)

Defendants Scott Losciuto and Janet Losciuto have moved to dismiss the plaintiff's complaint for want of prosecution under M. R. Civ. P. 41(b). Rule 41(b) provides in pertinent part:

(b) Involuntary Dismissal: Effect Thereof.

(1) *On Court's Own Motion.* The court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for a continuance.

(2) *On Motion of Defendant.* For failure of the plaintiff to prosecute for 2 years or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

(3) *Effect.* Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of

> jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

M. R. Civ. P. 41(b).

In the case at bar, the Cumberland County Superior Court's docket shows that the plaintiff failed to take any action on her state claims for well over the two years required by Rule 41(b). The state law claims were remanded from federal to state court by the federal order dated September 26, 2000. Borlawsky, 115 F. Supp. 2d at 31. Although the case file was subsequently delivered from the state court to the federal court for purposes of federal appeal, the state claims have remained in the state court since Judge Hornby's September 26, 2000 Order, as they were not originally removed to federal court pursuant to 28 U.S.C.S. § 1443. See 28 U.S.C.S. § 1447(d) (2003) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise"); see also Defs.' Notice of Removal Pursuant to F. R. Civ. P. 81(c) & 28 U.S.C. §§ 1331, 1441, and 1446. Hence, in order to survive dismissal for want of prosecution, the plaintiff must show "good cause" for her want of prosecution in state court. See M. R. Civ. P. 41(b)(1).

The Law Court has held that the "good cause" requirement for keeping an action on the docket, explicit only in Rule 41(b)(1), is implicit in Rule 41(b)(2). West Point-Pepperell v. State Tax Assessor, 1997 ME 58, ¶ 7, 691 A.2d 1211, 1213 (citing Dep't Human Serv. v. Vining, 617 A.2d 555, 558 (Me. 1992)). Because "good cause" is an ambiguous and highly relative concept, the court evaluates the circumstances of each individual case before using its discretion to make a determination. West Point-Pepperell, 1997 ME 58, ¶ 7, 691 A.2d at 1213. The Law Court has also held that

good cause as a condition for avoiding dismissal for want of prosecution is somewhat broader in scope than the reasons of 'mistake, inadvertence, surprise, or excusable neglect' which Rule 60(b) requires to be shown for justifying relief from final judgments. Indeed, it includes them. Although excusable neglect may constitute good cause for keeping an action on the docket and avoiding dismissal under Rule 41(b)(1), inexcusable neglect does not.

Id.

In the present case, the plaintiff asserts that there is no want of prosecution, as the case was active in the federal appellate process for a period of three years and all of the files related to the case were in federal court. See Pl.'s Response To Defs.' Motions to Dismiss at 7. A plaintiff's mistaken belief as to the law does not generally qualify as excusable neglect. See Leadbetter Int'l Trucks, Inc. v. State Tax Assessor, 483 A.2d 1226, 1230 (Me. 1984). However, here, given the totality of the circumstances, the court finds dismissal under Rule 41(b) inappropriate for the following reasons.

First, the case files were in federal court during the appeal and were not copied and sent to the state court. After the plaintiff's appeal on the federal claims was denied, the files were mistakenly sent to the Federal Records Center. See Letter from Susan Durst, Deputy Clerk, United States District Court to Sally Bourget, Clerk, Cum. Cty. Sup. Ct. of 7/23/03. Following the return of the case files to the state court, the plaintiff began diligently pursuing her state claims.

In addition, where a plaintiff has not pursued pending claims within the time period prescribed by Rule 41(b), this court generally places cases on a 41(b) list and notifies parties about the possibility of dismissal. In the present case, it did not do so.

Finally, although the defendants could have filed a 41(b) motion sooner, they chose not to do so and the court finds that they will not be unduly prejudiced by the maintenance of this action.

## DECISION

Based upon the foregoing, and pursuant to M. R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is:

The defendants' motions to dismiss are DENIED

Dated at Portland, Maine this 26th day of March 2004.

_____
Robert E. Crowley
Justice, Superior Court

Date Filed 7-29-99          Cumberland          Docket No. CV99-426
                              County

Action    Constitutional/Civil Rights


                                          Town of Windham
                                          County of Cumberland
                                          Michael R. Denbow
      Anita Borlawsky                     Joachim Schnupp
                                          Scott Losciuto
                                          Janette Losciuto
                              vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Grover Alexander, ESQ    657-4567<br>PO Box 346<br>Gray, ME 04039 | John Wall, III, Esq., (Windham)(Denbow)<br>PO Box 7046<br>Portland Maine  04112    774-3906<br>~~Michael J. Schmidt, Esq. (Schnupp/Cumberl~~<br>~~PO BOX 376, Waterville ME 04903~~<br>                              Janette<br>Barri Bloom, Esq. 774-7474 (Losciuto)<br>PO BOX 9545<br>PORTLAND MAINE  04112<br> Mark Lavoie, Esq. (S. Losciuto)<br> PO BOX 4600, Portland ME 04112 |

| Date of Entry | | Aaron Baltes, Esq. (S. Losciuto) |
|---|---|---|
| 1999<br>July 29 | Received 7-29-99. | |