2008 ME 18

**David BEAN**

v.

**Richard N. CUMMINGS Sr.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 1, 2007.

Decided: Jan. 29, 2008.

Thomas F. Hallett, Esq., The Hallett Law Firm, Portland, ME, for David Bean.

Linda P. Cohen, Esq., Hanley & Associates, South Paris, ME, for Richard Cummings, Sr.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SILVER, J.

[¶ 1] David Bean appeals from a judgment dismissing his civil perjury claim entered in the Superior Court (Oxford County, *Crowley, J.*). Bean contends that the court abused its discretion when it dis-

missed his complaint because it required specific allegations of perjury. He also believes that the Superior Court (Oxford County, *Cole, J.*) abused its discretion when it denied his motion to impose sanctions for discovery violations. Richard N. Cummings Sr. appeals from a separate, earlier judgment entered in the District Court (South Paris, *Beliveau, J.*) declining to recalculate the amount of damages owed to him for services performed on Bean's camp as set forth in the original District Court judgment. We affirm the courts' judgments as to both Bean's appeal and Cummings's appeal.

## I. BACKGROUND

[¶ 2] In 2000, Bean hired Cummings to perform construction services at his camp in Canton. Approximately one year after completion of the work, Cummings sued Bean in the District Court for failing to pay him. At trial, Cummings testified to the value of the services and materials provided to perform the improvements. Bean presented evidence from Cummings's foreman that disputed the reasonable value of the labor billed. Although the court found that the foreman was biased against Cummings, the court gave some weight to the contradictory evidence because of the foreman's personal knowledge of the project.

[¶ 3] The District Court entered judgment for Cummings in the amount of $24,133.82 and for Bean in the amount of $1000. *Cummings v. Bean,* 2004 ME 93, ¶ 5, 853 A.2d 221, 223. Bean did not appeal from the judgment. *Id.* ¶ 6, 853 A.2d at 223. Instead, he filed a motion for relief from judgment pursuant to M.R. Civ. P. 60(b)(4) after the expiration of the appeal period, and argued that the court lacked subject matter jurisdiction. *Id.* The trial court denied his motion and he appealed to us. *Id.* In 2004, we conclud-

ed that the trial court had subject matter jurisdiction to decide Cummings's quantum meruit claim and affirmed. *Id.* ¶¶ 7–11, 853 A.2d at 223–24.

[¶ 4] In December of 2005, Bean filed suit against Cummings in the Superior Court under 14 M.R.S. § 870 (2007), claiming that Cummings had committed perjury that caused an erroneous judgment in favor of Cummings. Cummings filed a motion to dismiss, arguing that Bean failed to plead facts necessary to support a claim under section 870. The trial court agreed that Bean's complaint was not specific enough, but denied the motion to dismiss and gave Bean leave to amend his complaint. Likening a perjury claim to one of fraud and therefore imposing the higher pleading requirements of M.R. Civ. P. 9(b), the court advised Bean to file an amended complaint and plead with specificity (1) the trial testimony forming the basis of the instant suit, and (2) the facts discovered post-trial that reveal this testimony to be perjury. Bean filed an amended complaint with the court and Cummings again filed a motion to dismiss.

[¶ 5] Bean tried to gain through discovery the data necessary to establish his civil perjury claim. As a result, various discovery disputes erupted between Bean and Cummings. Bean was never able to obtain what he requested through discovery and asked for sanctions against Cummings. Cummings felt he was being harassed by Bean and sought the court's protection. The court did not order discovery sanctions, but it did grant Cummings's motion to dismiss.

[¶ 6] Three years after the judgment was entered in the first trial and more than two years after the appeal was final, awarding damages to Cummings, Cummings requested that the trial court correct a clerical error in the District Court judgment pursuant to M.R. Civ. P. 60(a).

Cummings alleged that the court had incorrectly credited Bean for a $10,000 payment when determining the final damages awarded to Cummings. The first trial court (South Paris, *Beliveau, J.*) denied this request. Bean timely appealed from the dismissal of his civil perjury claim and the denial of his motion to impose sanctions on Cummings, and Cummings timely appealed from the denial of his motion to modify the District Court damages award. The two appeals were consolidated as ordered by this Court.

## II. DISCUSSION

### A. Bean's Civil Perjury Claim

▇▇▇ [¶ 7] Dismissal of a civil action is proper when the complaint fails "to state a claim upon which relief can be granted." M.R. Civ. P. 12(b)(6). When reviewing a trial court's dismissal of an action, we " 'examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.' " *Shaw v. S. Aroostook Cmty. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quoting *Hamilton v. Greenleaf*, 677 A.2d 525, 527 (Me.1996)). We will uphold a dismissal only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim. *Id.* (quotation marks omitted). "The legal sufficiency of a complaint challenged pursuant to M.R. Civ. P. 12(b)(6) is a question of law.' " *Id.* (quoting *Hamilton*, 677 A.2d at 527). We review issues of law de novo. *Blanchard v. Sawyer*, 2001 ME 18, ¶ 5, 769 A.2d 841, 843; *State v. Thibodeau*, 2000 ME 52, ¶ 5, 747 A.2d 596, 598.

[¶ 8] Most civil actions must meet the notice pleading requirements of M.R. Civ. P. 8. M.R. Civ. P. 9(b), however, identifies certain claims that require pleading with specificity: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated *with particularity.*" (Emphasis added.)

▇▇▇ [¶ 9] Title 14 M.R.S. § 870 provides:

When a judgment has been obtained against a party by the perjury of a witness introduced at the trial by the adverse party, the injured party may, within 3 years after such judgment or after final disposition of any motion for relief from the judgment, bring an action against such adverse party, or any perjured witness or confederate in the perjury, to recover the damages sustained by him by reason of such perjury; and the judgment in the former action is no bar thereto.

We construe section 870 strictly. *Spickler v. Greenberg*, 644 A.2d 469, 471–72 (Me. 1994). The elements of a civil perjury claim are "(1) a judgment obtained against a party, (2) by the perjury of the witness, and (3) introduced at the trial by the adverse party." *Kraul v. Me. Bonding & Cas. Co.*, 672 A.2d 1107, 1109 (Me.1996) (quoting *Milner v. Hare*, 126 Me. 14, 16, 135 A. 522, 523 (1926)). We have imposed a "clear and convincing evidence" standard of proof in civil perjury actions. *Spickler*, 644 A.2d at 471. Claims of perjury "should not be submitted to a new factfinder solely on the same record as in the original trial." *Id.* We have long required newly discovered evidence in perjury cases. *See, e.g., Parker–Danner Co. v. Nickerson*, 554 A.2d 1193, 1196 (Me.1989) (holding that contradictions in witness testimony are not sufficient to constitute perjury); *State v. Cormier*, 535 A.2d 913, 916 (Me.1987) (finding that "substantially inconsistent" testimony does not meet standard for perjury); *Boisvert v. Charest*, 135 Me. 220, 222–23, 193 A. 841, 842–43 (1937)

(concluding that evidence discoverable by due diligence before the trial cannot later be introduced as new evidence to establish perjury).

[¶ 10] Courts are at liberty to define the standard of proof to be applied in particular cases where a statute is silent as to the standard of proof. *Taylor v. Comm'r of Mental Health & Mental Retardation,* 481 A.2d 139, 144 (Me.1984) (citing *State v. Shackford,* 262 A.2d 359, 365 (Me.1970)). In *Spickler,* we analogized the elements of civil perjury claims to those of fraud and imposed a "clear and convincing evidence" standard of proof 644 A.2d at 471. We, however, have never ruled directly on the appropriate pleading standards for civil perjury claims, but we now agree with the trial court's application of a heightened pleading requirement in civil perjury cases.

[¶ 11] Where a Maine Rule of Civil Procedure is identical to the comparable federal rule, "we value constructions and comments on the federal rule *as aids* in construing our parallel provision." *Me. Cent. R.R. Co. v. Bangor & Aroostook R.R. Co.,* 395 A.2d 1107, 1114 (Me.1978) (emphasis added). Maine's Rules 8(a) and 9(b) are practically identical to the comparable federal rules. *See* FED.R.CIV.P. 8(a), 9(b). The U.S. Supreme Court has held that federal courts may not require heightened pleading standards in the absence of any rule or statutory authority. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). More recently, however, in *Bell Atlantic Corporation v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1973 n. 14, 167 L.Ed.2d 929 (2007), the Supreme Court stated: "[W]e do not apply any 'heightened' pleading standard, nor do we seek to broaden the scope of Federal Rule of Civil Procedure 9.... On certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires." In *Bell Atlantic,* the Supreme Court required the dismissal of a 'largely groundless claim', *id.* at 1966 (quoting *Dura Pharms, Inc. v. Broudo,* 544 U.S. 336, 347, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)), in favor of judicial efficiency because the plaintiffs had failed to plausibly plead all elements of their claim with factual support. *Id.* at 1966–67, 1974. Clearly, civil perjury claims may lead to abuse if more specificity in pleading is not required.

[¶ 12] In *Spickler,* we noted the potential for abuse in such claims: " 'The law abhors fraud and perjury. It also abhors interminable litigation.' *Cole v. Chellis,* 122 Me. 262, 264, 119 A. 623 (1923). A higher standard of proof and corroborating evidence will aid discovery of the former while preventing the latter." 644 A.2d at 471. In reaffirming the characterization of perjury as a type of fraud, the trial court's application of the higher pleading standard in light of *Spickler* was reasonable and should be upheld. *See id.*

[¶ 13] Heightened pleading requirements are necessary to ensure that disgruntled litigants are not able to use civil perjury claims as a means to relitigate cases when they are displeased with the outcomes. Bean lost at trial and waited two years and four months after the judgment to proceed with his civil perjury claim; he was then given two opportunities to plead his case. As the motion court recognized, however, that instead of asserting newly discovered evidence, Bean's claim rested primarily on "legal conclusions regarding whether [Cummings's] charges to [Bean] were reasonable," the same issues that were thoroughly litigated at trial. We take allegations of civil perjury and fraud very seriously but must balance those concerns with the need

to maintain fairness and efficiency. We therefore affirm the trial court's application of the heightened pleading standard in civil perjury claims and now address Bean's claim specifically.

[¶ 14] Viewing the complaint in the light most favorable to Bean, as we are required to do, *Shaw*, 683 A.2d at 503, fails to ameliorate the insufficiency of his claim under the stringent requirements of M.R. Civ. P. 9(b). The record shows that Bean did not offer evidence to contradict Cummings's testimony at trial beyond the testimony at the same trial provided by the foreman, whom the court perceived to be biased. Bean cannot now sustain a perjury claim by merely alleging that certain portions of Cummings's testimony were false without showing that information demonstrating its falsity was unavailable to him before the judgment. *See Spickler*, 644 A.2d at 471. The crux of Bean's allegations is that Cummings offered false statements about what was "fair and reasonable" for charges on the cost of materials and labor for the construction project. Such testimony constitutes Cummings's opinion. During the trial, Bean introduced evidence of the foreman's opinion concerning the reasonableness of the charges. Bean could have offered further testimony from witnesses with additional testimony on that issue at the trial but chose not to do so. Therefore, even if each of Bean's allegations was found to be true, given the strict construction of section 870 requiring a party to show newly discovered evidence, Bean could not have prevailed under M.R. Civ. P. 9(b). Accordingly, we affirm the judgment of dismissal. Next, we address the issue of sanctions.

## B. Bean's Motion to Impose Sanctions for Discovery Violations

[¶ 15] We review for an abuse of discretion decisions on the imposition of sanctions for discovery violations. *Shaw v, Bolduc*, 658 A.2d 229, 234–35 (Me.1995); *see Douglas v. Martel*, 2003 ME 132, ¶ 4, 835 A.2d 1099, 1100. M.R. Civ. P. 37(d) provides, in part:

If a party ... fails (1) to appear before the officer who is to take a deposition, after being served with a proper notice, or to comply with a properly served request for production under Rule 30(b)(5), without having made an objection thereto, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to the request for production or inspection submitted under rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just
. . . .

The failure to act ... may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).

M.R. Civ. P. 26(c) provides, in part:

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, any justice or judge of the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including without limitation one of more of the following: (1) that the discovery not be had ... (4) that certain matters not be inquired into, or that the scope of discovery be limited to certain matters. . . .

M.R. Civ. P. 26(g)(1) provides, in part:

No written motions under Rule 26 through 37 shall be filed without the

prior approval of a justice or judge of the court in which the action is pending. The moving party shall first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If the dispute is not resolved by agreement, *the moving party shall request a hearing from the clerk by letter.*

(Emphasis added.)

[¶ 16] Bean's reference to several cases involving discovery violations is not persuasive. In those cases, the parties exhibited far more egregious behavior than did Cummings. *See, e.g., St. Paul Ins. Co. v. Hayes,* 2001 ME 71, 770 A.2d 611 (affirming sanction of dismissal against plaintiff who failed to comply with discovery requests for twenty-eight months and failed to seek a protective order from the court); *Employee Staffing of Am., Inc. v. Travelers Ins. Co.,* 674 A.2d 506, 508–09 (Me.1996) (upholding sanction against party who provided delayed, incomplete answers to discovery requests without seeking a stay or other relief from the court); *Douglas,* 2003 ME 132, ¶ 7, 835 A.2d at 1100 (concluding that trial court did not exceed its discretion in sanctioning plaintiff who acted with lack of regard for court deadlines). Contrary to Bean's contention, Cummings's acts to postpone discovery while the court considered his pending motion to stay do not warrant sanctions. Cummings's counsel complied with Rule 26 and tried to reach agreement with Bean's counsel before contacting the court. Bean wanted to get information through discovery that he should have possessed before he filed his civil perjury claim. Accordingly, we conclude that the trial court did not abuse its discretion when it denied Bean's motion to impose sanctions. Finally, we address Cummings's appeal.

## C. Cummings's Appeal

[¶ 17] "The denial of a motion for relief from judgment is reviewed only for an abuse of discretion." *Allen v. Allen,* 603 A.2d 482, 483 (Me.1992). "A court's interpretation of the Rules of Civil Procedure, however, is reviewed de novo." *Brown v. Habrle,* 2006 ME 115, ¶ 7, 908 A.2d 640, 642 (citing *Mondello v. Gen. Elec. Co.,* 650 A.2d 941, 943 (Me.1994)). We look to the plain language of the Rules of Civil Procedure to determine their meaning. *See Gerrity Co., Inc. v. Lake Arrowhead Corp.,* 609 A.2d 293, 295 (Me. 1992).

[¶ 18] M.R. Civ. P. 60(a) provides:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the Superior Court or Law Court, and thereafter while the appeal is pending may be so corrected with leave of the Superior Court or Law Court.

Relief under Rule 60(a) is limited to clerical mistakes. *Taylor v. Lapomarda,* 1997 ME 216, ¶ 12, 702 A.2d 685, 689 (citing *Daniel v. Palmer,* 580 A.2d 689, 689 (Me. 1990)). In *Williams v. Williams,* we held that Rule 60(a) authorized relief where the court inadvertently switched the figure for the wife's marital equity with the amount of the mortgage to calculate a divorce settlement. 645 A.2d 1118, 1122 (Me.1994). Substantive errors, however, may not be corrected under Rule 60(a). *Jenkins, Inc. v. Walsh Bros., Inc.,* 2002 ME 168, ¶ 16, 810 A.2d 929, 935. A mandate issued by us, affirming the trial court judgment, can-

not be enlarged, limited or modified following the appeal. *Id.* ¶ 17, 810 A.2d at 935–36 (citing *Meiners v. Aetna Cas. & Sur. Co.,* 663 A.2d 6, 8 (Me.1995); *Rose v. Osborne,* 136 Me. 393, 400, 11 A.2d 345, 348 (1940)).

[¶ 19] In *Cummings,* we issued a mandate affirming the trial court's judgment that awarded damages to Bean. 2004 ME 93, ¶ 11, 853 A.2d at 224. As in *Jenkins,* we may not now revisit an award that has been previously upheld by the trial court and us. 2002 ME 168, ¶ 17, 810 A.2d at 935–36. Regardless of whether Cummings's assertion that the error is a "clerical mistake" is accurate, both the plain language of Rule 60(a) and our precedents require that post-judgment 60(a) motions be filed prior to issuance of a final ruling on appeal. *Id.* Accordingly, we do not disturb the original damages award, and we affirm the judgment.

The entry is:

Judgments affirmed.