STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Docket No.: PORSC-CV-16-20

)
ALLISON BURKA, )
)
Plaintiff, )
)
v. )
)
DOUGLAS BURKA, )
)
Defendant )
)

ORDER ON DEFENDANT'S
MOTION TO DISMISS

STATE OF MAINE
Cumberland ss. Clerk's Office

MAR 29 2016

RECEIVED

This matter is before the court on Defendant's motion to dismiss pursuant to M.R. Civ. P. 12(b)(6).

## I.     Standard of Review

A motion to dismiss tests the legal sufficiency of the complaint and will be granted only if the complaint fails "to state a claim upon which relief can be granted." M.R. Civ. P. 12(b)(6); *State v. Weinschenk*, 2005 ME 28, ¶ 10, 868 A.2d 200. The sufficiency of a complaint is a question of law. *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676. On a motion to dismiss for failure to state a claim, the facts are not adjudicated. *Marshall v. Town of Dexter*, 2015 ME 135, ¶ 2, 125 A.3d 1141. The court reviews the material allegations in the complaint in the light most favorable to the plaintiff to determine whether the plaintiff would be entitled to relief pursuant to some legal theory. *Bean*, 2008 ME 18, ¶ 7, 939 A.2d 676. Dismissal is warranted only when it

1

appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that the plaintiff might prove in support of his or her claim. *Id.*

II. **Analysis**

The Complaint is set out in four counts; to wit: Invasion of Privacy, Unlawful Disclosure of Confidential Health Care Information, Intentional Infliction of Emotional Distress, and California Comprehensive Computer Data Access and Fraud Act.

Defendant contends that Plaintiff has failed to state a claim, *in toto*.

A. Invasion of privacy.

The tort of invasion of privacy in Maine manifests in four proscribed types of conduct for which relief may be granted. *See Nelson v. Maine Times*, 373 A.2d 1221, 1223 (Me. 1977). Plaintiff advances the tort through the subspecies described as "intrusion upon the seclusion of another." *Nelson* cited with approval and relied upon the Restatement (Second), Torts § 652B, which provides:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

*Nelson v. Me. Times*, 373 A.2d 1221, 1223 (Me. 1977).

Defendant points to the admonition in *Nelson* that "a complaint should minimally allege a physical intrusion upon premises occupied privately by a plaintiff for purposes of seclusion." *Id.* The court agrees with Plaintiff that the narrow limitation of the Restatement in *Nelson* was likely animated by the facts of that particular dispute. By its own terms the Restatement is broader in its scope to also include intentional invasion, other than physical, into one's private affairs or concerns. In 1977 the nature Nelson's

2

claim decidedly did not involve an invasion upon one's private affairs or concerns that were digitally stored or transmitted. Under the particular facts of *Nelson*, it might have been sufficient to limit what "the" complaint should have alleged as opposed to what "a" complaint must allege in perpetuity to support this particular tort. The question becomes whether the choice in articles is significant in terms of the binding effect of *Nelson*, as inapplicable as it plainly is to an alleged intrusion into the "private affairs and concerns" of Plaintiff that were stored and transmitted through digital medium. It is clear that Plaintiff did not allege a physical intrusion upon her premises. The court has little doubt that the *Nelson* rule may be revisited in light of privacy breaches that could not have existed in 1977. However, until the Law Court modifies its holding in *Nelson*, Count I of the Complaint is dismissed as failing to state a claim.

B.     Unlawful disclosure of confidential health care information.

Defendant argues that the type of disclosure alleged in the Complaint falls within an exception to a violation of 22 M.R.S. §1711-C. Maine has long embraced the so-called "notice pleading" rule. *See Johnston v. Me. Energy Recovery Co.*, 2010 ME 52, ¶ 16, 997 A.2d 741, 746 (stating that Maine is a notice pleading state). Notice pleading requires that a complaint give "fair notice of the cause of action," *id.* (quotation marks omitted), by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a)(1). "A complaint need not identify the particular legal theories that will be relied upon, but it must describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief." *Burns v. Architectural Doors & Windows*, 2011 ME 61, ¶¶ 16-17, 19 A.3d 823, 828; *see also, Champagne v. Mid-Me. Med. Ctr.*, 1998 ME 87, ¶

3

18, 711 A.2d 842, 848 (stating that notice pleading requires a party to "aver[] the essential elements" of a claim).

A dismissal under M.R. Civ. P. 12(b)(6) is not warranted when the Plaintiff has made allegations for which relief can be granted but failed to affirmatively foreclose the applicability of all possible exceptions or defenses to her claim. Moreover, an orderly analysis of Defendant's argument requires reference to facts well beyond the Complaint. While this may be appropriate in the context of a motion for summary judgment, it is premature as presented in a motion to dismiss.

C.    Intentional infliction of emotional distress.

Defendant contends that the IIED claim should be dismissed because it amounts to nothing more than a recitation of the elements of the tort, rather than specific allegations that if true, would satisfy the elements. Alternatively, Defendant argues that the nature of the underlying conduct cannot support the final element of the tort of IIED because the conduct is not, as a matter of law, sufficiently outrageous and the emotional turmoil suffered by the Plaintiff is not identified and cannot be inferred from the conduct as pled. The cases upon which Defendant relies for the latter proposition are procedurally distinguishable insofar as they disposed of the IIED claim on a motion for summary judgment. The court concludes that Plaintiff has, if not by a wide margin, pled the IIED claim to meet the notice-pleading requirement for purposes of Rule 12(b)(6). The court rejects the invitation to engage in a qualitative analysis more appropriately and historically reserved for a summary judgment record at this nascent stage in the litigation. Plaintiff has stated a claim for IIED. Whether that claim is robust enough to survive a motion for summary judgment, while seemingly dubious, is for another day.

4

D.    California Comprehensive Computer Data Access and Fraud Act

Plaintiff concedes that the California Act claim should be dismissed, and therefore the court dismisses Count IV of the Complaint.

## III.    Conclusion

Defendant's motion to dismiss is granted in part and denied in part. Counts I and IV are dismissed.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 3/29/16 .

Lance E. Walker
Justice, Superior Court

5