STATE OF MAINE                                          SUPERIOR COURT
YORK, SS.                                               CIVIL ACTION
                                                        DOCKET NO: CV-16-140


PHILLIP W. JORDAN,

          Plaintiff,
                                                        ORDER ON DEFENDANTS'
     v.                                                 MOTION TO DISMISS

KATHRYN SLATTERY, in
her Capacity as York County
District Attorney, and

JANET MILLS, in her
Capacity as Attorney General,

          Defendants.


I.       Background

     a.  Procedural History

     This case involves a dispute over the legality of the retroactive application of Maine's sex

offender registration law ("SORNA"). *See* 34-A M.R.S. §§ 11201-11256 (2012). Plaintiff

Phillip Jordan brings this declaratory judgment action against defendants Kathryn Slattery, Esq.,

in her capacity as York County District Attorney, and Janet Mills, Esq., in her capacity as

Attorney General. In his complaint, plaintiff alleges the retroactive application of SORNA

violates Art. 1, §§ 1 and 11 of the Maine Constitution, contract law, and *ex post facto* law.

Defendants have moved to dismiss the complaint for failure to state a claim pursuant to M.R.

Civ. P. 12(b)(6). Plaintiff filed an objection on or about July 15, 2016.[1] Defendants replied and

plaintiff then proceeded to file two additional replies on July 27, 2016 and August 11, 2015.

_____

[1] Plaintiff's objection states, "If this court so desires, this new Bill of Attainder action can be applied by
the court in its own analysis of the instant cause of action." (Pl.'s Opp. to Def.s' Mot. to Dismiss at 5.)


1

Defendants object to the additional replies.

### b. Facts

In 1984, plaintiff pleaded guilty to multiple charges related to the sexual assault of an adult female (CV-84-07). He alleges his plea agreement was for a term of not more than 20 years and required no supervision upon release. (Compl. at 1.) The court sentenced him to 17 years of incarceration. (*Id.*) He completed his sentence in 1995. (*Id.*) At some time prior to 2013, while incarcerated in Arizona on drug related offenses, plaintiff was required to register as a Level 3 sex offender in accordance with SORNA. (*Id.* at 2.) When he returned to Maine in 2013, the police promptly came to his home and informed him he was required to fill out SORNA registration paperwork and provide an up to date photograph. (*Id.* at 2.) Plaintiff alleges he has been the subject of regular fliers in his neighborhoods and harassment, has been diagnosed with post-traumatic stress syndrome, went through a divorce, and struggles to find employment, all as a result of his registration.

## II. Discussion

### a. M.R. Civ. P. 12(b)(6)

"When the trial court acts on a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), facts are not adjudicated; instead the allegations in the complaint are evaluated to determine if there is 'any cause of action that may reasonably be inferred from the complaint.'" *Marshall v. Town of Dexter*, 2015 ME 135, ¶ 2, 125 A.3d 1141 (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). The court views the "complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* "Dismissal of a civil action is proper when the complaint fails 'to state a claim upon which relief can be granted.'" *Bean v.*

2

*Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676 (quoting M.R. Civ. P. 12(b)(6)).

### b. Constitutionality of SORNA as applied

Defendants rely on *Doe v. Williams* in their motion to dismiss. 2013 ME 24, 61 A.3d 718. The Law Court in *Williams* held that SORNA of 1999, as applied to convicted sex offenders who were sentenced prior to the creation of the Maine sex offender registry, was not an unconstitutional *ex post facto* law because it was not punitive.[2] *Id.* ¶ 51 ("The Does argue that SORNA of 1999's registration requirements exact more punishment than the Does agreed to in their plea bargain agreements and they urge us to recognize a right of fundamental fairness under Maine's Constitution and to find a violation of the Does' right to contract. Because we have concluded that SORNA of 1999 is not punitive under an ex post facto analysis and implicates no fundamental rights, we do not find merit in this argument."). It further held SORNA of 1999 did not violate the plaintiffs' right to contract. *Id.* ¶ 69. The Court reached a different conclusion in *State v. Letalien* because the convicted sex offender had been "sentenced to comply with less stringent reporting requirements under an earlier version of SORNA." *See State v. Letalien*, 2009 ME 130, 985 A.2d 4 (holding because "SORNA of 1999 is punitive and operates retroactively, . . . its application violates the ex post facto clause of the Maine Constitution."). Plaintiff's conviction and sentencing are analogous to those in *Williams* and are distinguishable from *Letalien*.

In *Doe XLVI v. Anderson*, the Court held the "intent-effects" test used in *Williams* to determine whether SORNA of 1999 was punitive for the purposes of analyzing the plaintiffs' *ex post facto* claim is also used to determine whether a law is punitive when analyzing a bill of attainder claim. 2015 ME 3, ¶ 15, 108 A.3d 378. The court held SORNA was punitive as

---

[2] The Law Court also ruled other constitutional challenges to SORNA failed. *Id.* ¶¶ 59, 63, 68.

3

applied to the plaintiff because his sentencing was analogous to *Letalien*. In this case, because plaintiff's conviction and sentencing are analogous *Williams*, SORNA is not punitive. Therefore, plaintiff's claim that SORNA of 1999 is an unconstitutional bill of attainder—assuming such claim was properly pled—also fails as a matter of law. *Id.* ¶¶ 24-28.

Thus, under current legal precedent, plaintiff fails to state a claim upon which relief can be granted.

### III.    Conclusion

For the foregoing reasons, defendants' motion to dismiss is GRANTED.


SO ORDERED.


The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P.79(a).


Date: June 15, 2017

_____
John O'Neil, Jr.
Justice, Superior Court


ENTERED ON THE DOCKET ON: 6/15/17

4