STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Docket No.: CV-17-249

HARRY DERMER, et al.

        Plaintiffs,

  v.

KATHLEEN PARDI, et al.

        Defendants,

)
)
)
)
)
)
)
)
)
)
)
)

ORDER

STATE OF MAINE
Cumberland ss Clerk's Office

NOV 13 2017 9:59AM

RECEIVED

This Order addresses Defendants' Kathleen Pardi's and David Banks's motions to dismiss based upon Rule 12(b)(6) of the Maine Rules of Civil Procedure.[1]

"In reviewing [] a motion to dismiss, [the court] consider[s] the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The court will "examine the complaint in the [*5] light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

The Maine Rules of Civil Procedure incorporate principles of notice pleading. *See e.g., Burns v. Architectural Doors & Windows*, 2011 ME 61, ¶ 21, 19 A.3d 823, 829. Rule 8 calls for "1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief which the pleader seeks." M.R. Civ. P. 8; *see also Bean v. Cummings*, 2008 ME 18, ¶ 8, 939 A.2d 676, 679(discussing pleading requirements in light of

---

[1] Defendant David Banks incorporated by reference the arguments advanced by co-defendant Katheen Pardi pursuant to M.R. Civ. P. 10(c).

Plaintiffs-Kelly McDonald, Esq.
Defendant Pardi-Roy Pierce, Esq.
Defendants Banks/Banks Realty-James Bowie, Esq.

recent United States Supreme Court decisions, and noting that Rule 9(b) identifies certain claims that require a heightened pleading standard such as fraud or mistake). Notice pleading requires the plaintiff to provide the opposing party with "fair notice of the claim." *Polk v. Town of Lubec,* 2000 ME 152, ¶ 18, 756 A.2d 510, 514 [*6] (quoting *E.N. Nason, Inc. v. Land-Ho Dev. Corp.,* 403 A.2d 1173, 1177 (Me. 1979)).3.

With that framework in mind, the analysis turns to the specific counts of the complaint.

*Count VI – Equitable Estoppel*

The Law Court has not been the Oracle of Delphi as to the appropriate use of estoppel. The court episodically has declared that it is a "well settled principle that estoppel is available only for protection, cannot be used as a weapon of assault." *Waterville Homes, Inc. v. Maine Dep't of Transp.,* 589 A.2d 455, 457 (Me. 1991). *See also Weaver v. New England Mut. Life Ins. Co.,* 52 F. Supp. 2d 127, 134 (D. Me. 1999) ("equitable estoppel is a defense, not a cause of action.").

The principle apparently is not so well settled as to prevent the Law Court from holding precisely the opposite proposition. *See Kittery Retail Ventures, LLC v. Town of Kittery,* 2004 ME 65; *F.S. Plummer Co. Inc. v. Town of Cape Elizabeth,* 612 A.2d 856 (Me. 1992); *Berry v. Bd. of Trustees, Maine State Ret. Sys.,* 663 A.2d 14, (Me. 1995); *Salisbury v. Town of Bar Harbor,* 2002 ME 13, 788 A.2d 598. Citing *Waterville Homes, Inc.* as well as *Martin v. Prudential Ins. Co.,* 389 A.2d 28, 30-32 (Me. 1978) (where the court considered an equitable estoppel claim).

The First Circuit subscribing to the notion that brevity is the soul of wisdom, stated that regarding equitable estoppel "Maine case law is unclear." *Grande v. St. Paul Fire & Marine Ins. Co.,* 436 F.3d 277, 279 n. 1 (1st Cir. 2006). Despite the Law Court's confusion as to whether the doctrine may be permitted as a sword or a shield, there appears to be no intellectually principled reason to favor one use to the exclusion of the other. Defendants' motion to dismiss Count VI, equitable estoppel is denied.

2

*Count V – Promissory Estoppel*

"A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires." *Budge v. Town of Millinocket*, 2012 ME 122.

Defendants advance a reasonable argument that one must have a promise in order to claim promissory estoppel. The question then becomes whether Pardi's statement constituted a promise. Ms. Pardi is alleged to have made a statement about certain vibrations felt in the subject unit, after the Dermers felt the vibrations during their inspection. Ms. Pardi stated in an e-mail communication, as follows:

"The occasional vibration felt in unit 613 occurs from the second level laundry conducted in the hotel. During my residency I have felt it occasionally; however, not on a consistent basis. I have not experienced any significant impact from this occurrence, nor has it disturbed me or any of my guests. The duration of the vibration that I have experienced is approximately two to three minutes."

*Complaint, paragraph 37.*

Defendants argue that these are mere subjective impressions and recollections of experience, rather than metaphysical truths held out as such by Ms. Pardi. Ms. Pardi counters that some of these statements are objective in nature; to wit, that the vibrations are occasional and the duration is two to three minutes. Pardi's argument is that these parts of the statement are not subjective and can be tested. The court disagrees.

The statement makes plain that this was Ms. Pardi's experience when she happened to be in the residence, not a statement of certainty which might otherwise be taken as an affirmative promise. This is especially true given the disparate sensitivities among potential homeowners, insofar as a vibration in the floor may truthfully be benign to one person, while insufferable to

3

another. While this statement may form the foundation for other of Plaintiffs' claims, it fails to form the basis for promissory estoppel. Count V, promissory estoppel is dismissed.

*Count II – Fraudulent Misrepresentation*

Defendants move to dismiss in part Count II, fraudulent misrepresentation to the extent that it is bottomed on the non-disclosure of the Limited Warranty Agreement ("LWA").

The most significant argument is that the LWA is not a "known defect", which is defined as "a *condition*, known by the seller, that has significant adverse effect on the value of property, significantly impacting the health or safety of future occupants of the property, or, if not repaired, removed, or replaced, significantly shortens the expected normal life span of the premises." 33 M.R.S. § 171(1)(emphasis supplied). Plaintiffs counter that the LWA makes reference to the vibrations which is referred to as a defect, and as such, the LWA itself must be a defect for purposes of disclosure obligations. Moreover, Plaintiffs argue that the LWA is also a condition that has an adverse effect on the value of the property.

The court is limited by the plain language of the statute, which refers to a defect as a condition of the property. The fortuity that a negotiated legal instrument, such as the LWA, refers to a condition of the property does not transform the instrument itself into a condition of the property. It is clear from the definitional language of "known defect" and the surrounding statutory structure that only physical conditions of the property are contemplated.

That leaves the question as to whether Plaintiffs have pled with particularity facts to support "active concealment" of the LWA. Defendants claim that something more than mere silence is necessary to support active concealment. That is not necessarily accurate as *Kezer* makes clear. The more important concern in resolving this argument, as the court explored during oral argument, is a procedural one. Whether the proposition that silence is sufficient to sustain a claim of active concealment begs the question but does not answer it in a Rule 12(b)(6) context. A fair reading of the allegations in the Complaint leave open the possibility that facts may be developed at trial that may support a claim of fraudulent misrepresentation based on active concealment of the LWA. Not insignificantly, the cases to which the parties cite in their

4

papers were resolved in the procedural context of summary judgment. Likewise, a Rule 56(h) statement and supporting record may provide the court with a meaningful opportunity to resolve this claim in a way that a motion to dismiss does not.

Defendants' motion to dismiss is DENIED as to Counts II and VI.

Defendants' motion to dismiss is GRANTED as Count V.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: November 11, 2017

Lance E. Walker
Justice, Superior Court

5