SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2017-037

JOHN R. LUONGO,

      Plaintiff,

      v.

MICHAEL A. LUONGO, JR.,

      Defendant.

)
)
)
)
)
)
)
)
)
)

**ORDER ON PLAINTIFF'S
MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF
IRRELEVANT
"CONSTRUCTION
OVERCHARGES"**

Before the Court is Plaintiff John R. Luongo's Motion in Limine to Exclude Evidence of Irrelevant "Construction Overcharges." Defendant Michael A. Luongo, Jr. opposes the motion. For the following reasons, the motion is denied.

## I.    Background

Plaintiff and Defendant are the sons of Marie Jacobson, now deceased, and co-trustees of the Marie A. L. Jacobson Trust u/d August 8, 1983 ("the Trust"). The factual background of Plaintiff's claims centers on a joint survivorship account owned by Plaintiff and Ms. Jacobson. Shortly after Ms. Jacobson's death, Defendant allegedly deceived Plaintiff into conveying funds from this account to Defendant and members of Defendant's family on the premise that the account and funds were part of Ms. Jacobson's estate or the Trust. Three counts of Plaintiff's Second Amended Complaint remain: Count II, intentional misrepresentation; Count IV, negligent misrepresentation; and Count V, unjust enrichment.

Defendant's two-count First Amended Counterclaim consists of claims of tortious interference with an expectancy and conversion. The factual background of Defendant's conversion claim involves Plaintiff's alleged failure to distribute Ms. Jacobson's personal property according to her Will, which left one-half of her tangible personal property to

Page 1 of 3

Defendant. Defendant's tortious interference with expectancy claim centers on (1) Ms. Jacobson's bank account, to which Ms. Jacobson allegedly added Plaintiff as a joint tenant with rights of survivorship as a result of fraud, duress, or undue influence; and (2) $82,000 in checks made out from Ms. Jacobson's account to Plaintiff which were supposed to go, but allegedly did not go, towards construction of Ms. Jacobson's home.

## II. Discussion

In his pending motion, Plaintiff seeks to exclude from trial all evidence "relating to certain alleged excessive charges by the Plaintiff when he oversaw the construction of a home for his mother over eleven years ago." Plaintiff argues that Defendant's allegations of overcharges are without any factual basis and are irrelevant to the case.

Plaintiff's first basis for exclusion, that the asserted overcharges are without factual basis, may not be properly addressed through a motion in limine. This argument is more appropriately the subject of a motion for summary judgment, the time for which has passed. *See Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996) (explaining that while an argument that goes to the sufficiency of the evidence "might be a proper argument for summary judgment or for judgment as a matter of law, it is not a proper basis for a motion to exclude evidence prior to trial"); *C&E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence."); *Masello v. Stanley Works, Inc.*, 825 F. Supp. 2d 308, 314 n.6 (D.N.H. 2011) ("[S]eeking what amounts to a pretrial resolution of a disputed factual issue .... is not the appropriate function of a motion in limine ....").

And, contrary to Plaintiff's second argument, evidence of construction overcharges is relevant to Defendant's tortious interference with expectancy claim. Once again, whether this evidence is legally sufficient to support Defendant's tortious interference with expectancy claim is not a proper subject for a motion in limine.

## III.     Conclusion

For the foregoing reasons, the Court denies Plaintiff's Motion in Limine.

The entry is:

Plaintiff John Luongo's Motion in Limine to Exclude Irrelevant "Construction Overcharges" is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _5/10/2022_

_Mary Gay Kennedy, Justice_
Maine Superior Court

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAY 1 0 2022  12:37PM

RECEIVED

Entered on the Docket: 05/10/22

Plaintiff-John Campbell, Esq.
Defendant-Roy Pierce, Esq.

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-37

JOHN R. LUONGO,                    )
                                   )
          Plaintiff                )
                                   )          ORDER ON DEFENDANT'S
     v.                            )          MOTION TO DISMISS
                                   )
MICHAEL A. LUONGO, JR.,            )
                                   )
          Defendant.               )

Before the Court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Maine Rule of Civil Procedure 12. A hearing was held on this motion on September 6, 2017. Following the hearing, Plaintiff filed a motion for leave to amend his complaint, which the Court granted. For the following reasons, Defendant's motion to dismiss is granted in part and denied in part.

I. Background

On August 8, 1983, Marie A. L. Jacobson created the Marie A. L. Jacobson Trust. Plaintiff and Defendant are the co-trustees of the trust. Plaintiff is a resident of Maine. Defendant is a resident of Massachusetts. When the trust was created, Ms. Jacobson was a resident of Florida. She subsequently moved to Massachusetts and, in 2008, to Maine, where she died in 2014. The trust instrument states: "This is a Massachusetts Trust made in this state and is to be governed and construed and administered according to its laws and shall continue to be so governed and construed and administered though administered elsewhere in the United States except for its tax laws." (Def.'s Ans. Ex. A.)

By the terms of the trust, following the death of Ms. Jacobson, certain distributions of trust assets are to be made, and the remainder of trust assets are to be divided into two trusts, one for the benefit of Plaintiff and one for the benefit of Defendant. Plaintiff has brought this action

**Plaintiff-Frank Chowdry, Esq.**
**Defendant-Deborah Mann, Esq.**

STATE OF MAINE
Cumberland, ss, Clerk's Office

DEC 14 2017
8:54 am
RECEIVED



alleging that Plaintiff and Defendant are in deadlock concerning how the trust is to be administered and how trust assets are to be divided. In Count I of his amended complaint, Plaintiff requests that the Court order the distribution of trust assets to the two sub-trusts in accordance with the terms of the trust. He further alleges that Defendant has failed to perform his duties as co-trustee and demands from Defendant reimbursement for expenses incurred by Plaintiff in administration of the trust and for expenses incurred by Plaintiff for Ms. Jacobson's funeral.

In Count II, Plaintiff alleges that Defendant defrauded Plaintiff by misrepresenting advice Defendant received from Charles W. Sullivan, who was until his death counsel for Ms. Jacobson's estate and a co-trustee of the trust. Plaintiff claims Defendant told Plaintiff, based on Mr. Sullivan's advice, that a bank account jointly held by Plaintiff and Ms. Jacobson was part of Ms. Jacobson's estate. Plaintiff alleges the account was actually a non-probate asset that belongs exclusively to Plaintiff. Based on Defendant's misrepresentations, Plaintiff made $70,000 of distributions from the account to Defendant and his family members.

In Count III, Plaintiff alleges that Defendant has violated the Maine Uniform Prudent Investor Act, 18-B M.R.S. §§ 901 *et. seq.*, by abandoning his responsibilities as a trustee and interfering with Plaintiff's attempts to administer the trust.

II. Discussion

### A. *Personal jurisdiction*

Throughout these proceedings, Defendant has repeatedly asserted that he is not subject to personal jurisdiction in Maine. Defendant first raised this argument as an affirmative defense in his answer. (Def.'s Ans., Aff. Defenses ¶ 2.) Defendant then reasserted and elaborated on this argument in his Motion to Dismiss. (Mot. Dismiss 3.) Although Defendant has since filed an

amended answer and a counterclaim, this filing was made in the alternative and without waiving the objections raised in his pending Motion to Dismiss. (Mot. Amend 1.) Finally, this argument was reiterated at the hearing on this motion. The Court finds Defendant has preserved his personal jurisdiction defense.

Defendant is a Massachusetts resident, and Plaintiff has alleged no facts to suggest Defendant is subject to general jurisdiction in this state. Instead, Plaintiff contends that Defendant "negotiated the terms of a trust re-domiciled in the State of Maine with the relocation of the Settlor to Gray," subjecting him to personal jurisdiction for the purposes of Counts I and III. (Opp'n to Mot. Dismiss 4.) Plaintiff further argues that Defendant defrauded Plaintiff, a Maine resident, subjecting Defendant to personal jurisdiction in this state for the purposes of Count II. (*Id.*)

Plaintiff's argument pertaining to personal jurisdiction for Counts I and III must fail. Bases for jurisdiction over a foreign defendant in matters involving a trust are contained in the Maine Uniform Trust Code. The Code provides: "By accepting the trusteeship of a trust having its principal place of administration in this State or by moving the principal place of administration to this State, the trustee submits personally to the jurisdiction of the courts of this State regarding any matter involving the trust." 18-B M.R.S. § 202(1). The statute further authorizes the exercise of personal jurisdiction over "the beneficiaries of a trust having its principal place of administration in this State...." *Id.* § 202(2). Plaintiff argues that as a trustee and a beneficiary of a trust with its principal place of administration in Maine, Defendant is subject to personal jurisdiction in Maine for claims involving the trust.

However, the principal place of administration of this trust is in Massachusetts, not Maine. The trust was created in Massachusetts, and the instrument itself states the trust is

administered in accordance with the laws of Massachusetts. Although Maine law recognizes that the place of administration of a trust may be transferred, that has not occurred in this case. The procedure for transferring the place of administration is outlined in 18-B M.R.S. § 108 and requires that a trustee notify qualified beneficiaries of a proposed transfer and that the qualified beneficiaries have an opportunity to object to the transfer. *Id.* § 108(4)-(5).

Plaintiff has not alleged that he followed the procedures described in § 108 to transfer the administration of the trust from Massachusetts to Maine. Thus, because jurisdiction under § 202 only arises when the trust is administered in Maine, this Court cannot exercise personal jurisdiction over Defendant under this section. Plaintiff has alleged no other basis for personal jurisdiction over Defendant for the purposes of Counts I and III.[1] These counts, therefore, must be dismissed for lack of personal jurisdiction.

However, the Court agrees with Plaintiff that personal jurisdiction may be exercised over Defendant for the purposes of Count II. The Maine Long Arm Statute provides that "[d]oing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State" is sufficient to subject a foreign Defendant to personal jurisdiction in Maine. 14 M.R.S. § 704-A(2)(B). Plaintiff has alleged that Defendant defrauded Plaintiff. Taking Plaintiff's allegations as true, fraud is a tortious act, the consequences of which allegedly occurred in this State. Thus, Defendant is subject to personal jurisdiction in Maine for the purposes of Count II.

*B. Pleading fraud in the inducement*

---

[1] In addition to a request to distribute trust assets, for which jurisdiction would be derived from § 202, Count I also contains a claim for reimbursement of expenses incurred by Plaintiff in administering the trust and for funeral expenses. Although some of these claims arguably fall outside the ambit of the Trust Code, Plaintiff has alleged no other basis for personal jurisdiction over Defendant with respect to these claims. Thus, they must be dismissed.

In addition to his jurisdictional argument, Defendant contends that Plaintiff has not properly pled his fraud claim. Most civil actions must merely meet the notice pleading standard, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a); *Bean v. Cummings*, 2008 ME 18, ¶ 8, 939 A.2d 676. "The allegations need to give the defendant 'fair notice' of the claim and the ground on which it rests, and demonstrate that the claimant has more than a speculative right to relief." *Pascoe v. Johnson Controls, Inc.*, 2010 Me. Super. LEXIS 131, at *4 (Dec. 2, 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, all averments of fraud or circumstances constituting fraud must be pled "with particularity." M.R. Civ. P. 9(b). Knowledge and other conditions of a person's state of mind may be averred generally. *Id.*

The elements of fraud are:

(1) that [one party] made a false representation; (2) of a material fact; (3) with knowledge of its falsity or in reckless disregard of whether it is true or false; (4) for the purpose of inducing [another party] to act in reliance upon it; and (5) [the other party] justifiably relied upon the representation as true and acted upon it to [its] damage.

*Flaherty v. Muther*, 2011 ME 32, ¶ 45, 17 A.3d 640.

In an effort to address Defendant's objections regarding the lack of particularity with which Plaintiff initially pled this claim, Plaintiff amended his complaint to properly allege each of the elements of fraud; specifically, Plaintiff amended this count to state that he justifiably relied on Defendant's misrepresentations because Defendant owes fiduciary duties to Plaintiff. Plaintiff's claim for fraud, then, amounts to the following: (1) Defendant falsely represented that (2) the money in the joint account was a probate asset, (3) knowing that statement was false based on the advice of counsel for the decedent's estate, (4) for the purpose of inducing Plaintiff to distribute the money; (5) and because Defendant owed fiduciary duties to Plaintiff, Plaintiff

justifiably relied on Defendant's representation and dispersed funds in the amount of $70,000 that lawfully belonged exclusively to Plaintiff. The Court finds this claim has been pled with sufficient particularity to survive a motion to dismiss.

III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED as to Counts I and III of Plaintiff's amended complaint and DENIED as to Count II of Plaintiff's amended complaint. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___12/14/17___

Lance E. Walker, Justice
Maine Superior Court