STATE OF MAINE                          BUSINESS & CONSUMER COURT
CUMBERLAND, ss.                         DOCKET NO. BCD-CV-2020-08


LEANE M. SAUCIER,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )
                                     )
UNITED STATES CELLULAR,              )        ORDER GRANTING IN PART AND
CORP.,                               )        DENYING IN PART THE MOTION TO
                                     )        DISMISS OF UNITED STATES
        Defendant,                   )        CELLULAR, CORPORATION AND
                                     )        MAINE RSA #1, INC.
MAINE RSA #1, INC.,                  )
                                     )
        Defendant,                   )
                                     )
        and                         )
                                     )
JAHLEEL WILLIAMS,                    )
                                     )
        Defendant.                   )


On or about August 23, 2019, Plaintiff Leane M. Saucier ("Saucier") filed a Complaint

seeking damages, including punitive damages, for invasion of privacy/intrusion upon seclusion

(Count I), intentional infliction of emotional distress (Count II), negligent infliction of emotional

distress ("NIED") (Count III), fraud (Count IV), and negligent supervision (Count V). (Pl.'s

Compl. ¶¶ 36-106). Pursuant to M.R. Civ. P. 12(b)(6), Defendants United States Cellular Corp.

and its wholly owned subsidiary Maine RSA #1, Inc. (collectively "USC"), have moved to dismiss

Counts III, IV, V of the Complaint, as well as the claim for punitive damages, for failure to state a

1

claim upon which relief may be granted. For the following reasons, USC's Motion is granted in part and denied in part.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *State v. Weinschenk*, 2005 ME 28, ¶ 10, 868 A.2d 200. In considering a motion to dismiss, courts must "examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *In re Wage Payment Litigation*, 2000 ME 162, ¶ 3, 759 A.2d 217; *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676. "The material allegations of the complaint must be taken as admitted" and must be assumed as true. *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83. Dismissal is appropriate only when it appears "beyond doubt that a plaintiff is entitled to no relief under any set of facts that [they] might prove in support of [their] claim." *Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260, 266 (Me. 1985).

## FACTUAL ALLEGATIONS

The Complaint in this case sets forth the following factual allegations, which the Court assumes are true for the limited purpose of deciding the Motion to Dismiss. On or about September 29, 2017, Saucier visited USC's retail store location in Presque Isle to exchange her existing cell phone for a new one. (Pl.'s Compl. ¶ 8). Williams was the USC employee who waited on Saucier while she was in the store. (Pl.'s Compl. ¶ 13). Williams facilitated the process of activating Saucier's new phone and transferring the data from her old phone to the new one. (*Id.* ¶¶ 14-15). As an employee of USC, William's job responsibilities encompassed performance of those services. (*Id.* ¶¶ 38-39).

While waiting on Saucier, Williams reported to her that it was necessary for him to take her phone to the back of the store, away from her immediate vicinity, in order to complete the activation and transfer. (*Id.* ¶¶ 16-17, 41). Believing Williams's representations that he was acting in his capacity as an employee of USC and that it was necessary for him to possess her phone to complete the activation and transfer, Saucier provided Williams with possession of her phone and password. (*Id.* ¶¶ 40-42, 93). While in the back of the store and without Saucier's permission or knowledge, Williams searched through Saucier's cell phone, located private and sensitive photos of Saucier, and used her phone to send those photos to a work phone in his possession provided by USC. (*Id.* ¶¶ 18, 87-88).

Williams knew his report to Saucier was false, and he made false representations for the purpose of inducing Saucier into providing him with her phone and password. (*Id.* ¶¶ 89-90). If Saucier had known what Williams was actually doing with her phone then she would not have consented to his possession of it. (*Id.* ¶¶ 87-88). Saucier relied upon Williams's representations to her detriment. (*Id.* ¶ 93).

On or about September 30, 2017, Saucier uncovered the interaction history between her phone and Williams's, including the two photos Williams had sent to himself. (*Id.* ¶¶ 26-30). Saucier suffered severe emotional distress upon uncovering this interaction history and reported Williams to the Presque Isle Police Department. (*Id.* ¶¶ 31-32). Shortly thereafter, the Presque Isle Police Department served a search warrant on USC in connection with the incident. (*Id.* ¶ 54). USC nevertheless continued employing Williams to work at the store, performing the same job responsibilities and having the same access to customers, for about another year. (*Id.* ¶ 56).

At all times throughout this incident Williams was acting as an agent and employee of USC. (*Id.* ¶¶ 43-44). USC provided Williams with the authority, status, and the instrumentality

(the cell phone he used to receive Plaintiff's photos) that enabled him to deceive Plaintiff and access her private photos. (*Id.* ¶¶ 45-48). USC was aware or had an opportunity to be aware of similar or identical occurrences of employee conduct within their retail stores, as well as the retail stores of their competitors, prior to September 29, 2017. (*Id.* ¶¶ 33-34). As of September 29, 2017, USC had no policies in place that would effectively ensure the protection of its customers' private information from exploitation by its own employees or otherwise monitor its employees' customer interactions. (*Id.* ¶ 35).

## ANALYSIS

The NIED (Count III) and negligent supervision (Count V) claims share a common element. Accordingly, in determining whether Saucier is entitled to relief pursuant to some legal theory, the Court examines the NIED and negligent supervision claims together. The Court then examines the fraud claim (Count IV) and the request for punitive damages.

### NIED and Negligent Supervision

In order for a claim alleging NIED (Count III) to survive a motion to dismiss, the complaint must successfully allege facts that establish either "bystander liability," or, as in this case, the existence of a "special relationship" between the complainant and the tortfeasor. *Curtis v. Porter*, 2001 ME 158, ¶ 19, 784 A.2d 18. Likewise, facts demonstrating the existence of a "special relationship" must be alleged for a complaint to adequately claim negligent supervision. *Fortin v. Roman Catholic Bishop of Portland*, 2005 ME 57, ¶ 36, 871 A.2d 1208. In Maine, only a narrow subset of traditional fiduciary relationships qualifies as a "special relationship" for the purposes of NIED and other negligence claims (i.e. negligent supervision): those in which there exists a "great disparity of position and influence between the parties." *Fortin*, 2005 ME 57, ¶ 34, 871 A.2d 1208; *See Bryan R. v. Watchtower Bible & Tract Society, Inc.*, 1999 ME 144, ¶¶ 20-22, 738 A.2d 839.

4

In this case, Saucier alleges a "special relationship" with USC based on her status as a business invitee upon the premises of USC's retail store in Presque Isle. (Pl. Compl. ¶¶ 79, 97). Saucier asserts USC "owed a duty of care not to cause her emotional distress," and that USC was obligated "to protect [her] from intentional conduct of its employees." (*Id.* ¶¶ 79, 96). The Law Court, however, has not recognized a "special relationship" based on a complainant's status as a business invitee on premises owned by a defendant. *See e.g. Curtis*, 2001 ME 158, ¶ 19, 784 A.2d 18. Further, Saucier's argument for a "special relationship" with USC is unsupported by the facts. Absent factual allegations that would demonstrate the existence of a "great disparity of position and influence" between Saucier and USC, Saucier's status as a business invitee in USC's retail store, even when examined in the light most favorable to Saucier, does not give rise to the "special relationship" required to support her claims for NIED (Count III) and negligent supervision (Count V). Thus, the Court grants USC's Motion to Dismiss Counts III and V of the Complaint.

Fraud and Punitive Damages

To state a claim for fraud, a complainant must adequately allege that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the complainant to act in reliance upon it, and that the complainant justifiably relied on the false representation to their detriment. *Barr v. Dyke,* 2012 ME 108, ¶ 16, 49 A.3d 1280. Additionally, fraud must be "pled with specificity," meaning that the circumstances constituting fraud must be alleged with particularity. M.R. Civ. P. 9(b); *Bean*, 2008 ME 18, ¶ 8, 939 A.2d 676.

Here, Saucier's Complaint alleges that Williams knowingly made false representations of material facts for the purpose of inducing her to act in reliance upon them, and she justifiably relied on them to her detriment. The allegations are plainly sufficient to state a claim of fraud against Williams. USC seeks to dismiss, however, on the grounds that because the Complaint fails to

allege USC knowingly participated in the fraud, USC cannot be held vicariously liable for Williams' fraud. In other words, according to USC the Complaint fails to state a claim of fraud against USC upon which relief can be granted.

The Law Court does not appear to have addressed the question of an employer's vicarious liability for an employee's fraud. However, Maine generally follows the Restatement (Second) of Agency § 228 to determine the application of vicarious liability as to an employer. *Mahar v. StoneWood Transp.,* 2003 ME 63, ¶ 13, 823 A.2d 540. An employer may be liable for the conduct of its employee if it was within the employee's scope of employment. *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 12, 970 A.2d 310. An employee's conduct is within his or her scope of employment if "(a) it is the kind [he or she is] employed to perform; (b) it occurs . . . within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master." Restatement (Second) of Agency § 228(1)(a)-(c) (Am. Law Inst. 2020). USC has not cited any Maine cases standing for the proposition that an employer's "knowing participation" is required for vicarious liability, but even if that element is required, the outcome is no different.

In this case, Saucier alleges that the deception occurred during the activation of a new cell phone—conduct Williams was employed to perform, during the time and at the place Williams was employed to work: USC's Presque Isle retail store. Saucier also alleges USC knew, or should have known, about similar or identical occurrences of employee conduct within its own retail stores, as well as the retail stores of its competitors, on occasions prior to September 29, 2017. Despite this knowledge, USC allegedly had no policies in place that would ensure the protection of customers' privacy from exploitation by its employees or otherwise monitor its employees' interactions with customers. Further, USC continued to employ Williams for a year or so after being contacted by the police.

Viewing the Complaint as a whole and construing the facts liberally in Saucier's favor, this Court finds that the Complaint states a claim for fraud as against USC. Even though Saucier does not succinctly aver USC's "knowing participation," such participation, if required, is subsumed within the allegation that USC knew or should have known about Williams's tortious conduct prior to the incident with Saucier, and otherwise is sufficiently pled. At this early stage of the proceeding, it cannot be said beyond doubt that Saucier is entitled to no relief under any set of facts she might prove in support of her claim. Hence, the Court denies USC's Motion to dismiss Count IV.

Finally, USC argues that Saucier is not entitled to punitive damages based solely on USC's continued employment of Williams. But USC's reading of the Complaint is too cramped, since Saucier's request for punitive damages is not based solely on Williams' continued employment. The Complaint seeks punitive damages for invasion of privacy (Count I), intentional infliction of emotional distress (Count II), and fraud (Count IV). Since the Complaint alleges facts that could be construed to establish malice, actual or implied, dismissal of the request for punitive damages would be inappropriate at this early stage of the litigation. *See Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985). As a consequence, the Court denies USC's Motion to Dismiss the request for punitive damages.

## CONCLUSION

Based on the foregoing, the Court grants in part and denies in part USC's Motion to Dismiss.[1] Specifically, the Court GRANTS USC's request to dismiss Count III (NIED) and Count V (negligent supervision), but DENIES USC's request to dismiss Count IV (fraud) and

---

[1] For clarity, the Motion to Dismiss was filed by both United States Cellular, Corp. and Maine RSA #1, Inc., and this Order applies to the Motion filed by both entities. As stated earlier in this Order, the reference to "USC" includes both entities.

the request for punitive damages.  This case will proceed on Counts I, II, and IV of the Complaint, and associated requests for relief.

The Clerk is instructed to enter this Order on the docket for this case incorporating it by reference pursuant to Maine Rule of Civil Procedure 79(a).

So Ordered.


Dated:\_\_\_July 2, 2020\_\_\_\_\_                    _____/s_____
                                                                 Michael A. Duddy
                                                                 Judge, Business & Consumer Court

*LEANE SAUCIER*

*v.*

*U.S. CELLULAR CORPORATION,*
*MAINE RSA #1, INC.*
*and JAHEEL WILLIAMS*

Party Name:                                                    Attorney Name:

*Leane Saucier*                              **Christopher Wright, Esq.**
                                                    Siegel & Crockett, PC
                                                    63 Main Street
                                                    Bethel, ME 04217

*US Cellular Corp.*                         **Gregory McCullough, Esq.**
*Maine RSA #1, Inc.*                         McCoullough Law Offices
                                                    1074 PO Box 910
                                                    Sanford, ME 04073

*Jahleel Williams*                          **James Bowie, Esq.**
                                                    Thompson, Bowie & Hatch
                                                    415 Congress Street
                                                    Portland, ME 04112

*Bourque & Clegg*                           **George Dilworth, Esq.**
                                                    Drummond Woodsum
                                                    84 Marginal Way, Suite 600
                                                    Portland, ME 04101