MAINE SUPREME JUDICIAL COURT                     Reporter of Decisions
Decision:     2017 ME 116
Docket:       And-16-387
Submitted
  On Briefs:  May 25, 2017
Decided:      June 8, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

JOHN KNOBLACH

v.

STACYLEE A. MORRIS

PER CURIAM

[¶1]  John Knoblach appeals from a judgment of the District Court (Lewiston, *Oram, J.*) finding him in contempt for failing to pay spousal support to Stacylee A. Morris as required by the parties' divorce decree, and imposing a period of incarceration unless he paid the arrearage within a specified time; and from the court's subsequent denial of his motion for reconsideration or for relief from judgment.  *See* M.R. Civ. P. 59(e), 60(b).  Knoblach argues that the court erred by holding the contempt hearing one day too soon based on the amount of notice he was entitled to receive pursuant to M.R. Civ. P. 66(d)(2)(C), which states that a contempt subpoena must be served on the alleged contemnor "no less than 10 days prior to the hearing unless a shorter time is ordered by the court."  *See also* M.R. Civ. P. 6(a) (stating that if

2

the last day of a prescribed time period falls on a Sunday, "the period runs until the end of the next day"). We affirm.

[¶2] Even if the court erred by holding the hearing within the notice period, Knoblach has not demonstrated that the contempt order should be vacated. As shown by the court's authority to order notice of fewer than ten days in contempt proceedings, *see* M.R. Civ. P. 66(d)(2)(C), that temporal framework is not jurisdictional. Further, after Knoblach was served with the contempt subpoena informing him of the date of the hearing, he did not move to continue the hearing either in his answer to the contempt motion or at the hearing itself.[1] Rather, the record demonstrates that at the contempt hearing, Knoblach presented evidence and argued his position, and that in its judgment the court considered and ultimately rejected Knoblach's contention on its merits.

[¶3] Additionally, Knoblach has argued in his post-judgment motion and his brief on appeal only that his attorney was unavailable during the week before the hearing. He has not described any additional evidence that he would have presented or how he otherwise would have proceeded

---

[1] In his answer to the motion, Knoblach stated only that if the court found the answer "lack[ing]," or if the court determined that he did "not provide enough evidence or records" at the hearing, he then would ask the court "to delay" the hearing—something he did not do.

differently—either with or without the assistance of an attorney—if he had had one additional day to prepare. *See Hopkins v. Dep't of Human Servs.*, 2002 ME 129, ¶ 13, 802 A.2d 999 (holding that a party raising a due process challenge based on defective notice must show how he or she was prejudiced by the error); *cf. Daud v. Abdullahi*, 2015 ME 48, ¶ 6, 115 A.3d 77 (concluding that a defendant's failure to retain an attorney when he had sufficient time to do so was "not a substantial reason that would compel the court to grant a continuance").

[¶4]  Therefore, contrary to Knoblach's argument, the court did not err or abuse its discretion by proceeding with the hearing without objection on the scheduled date, or by denying Knoblach's motion to reconsider or for relief from judgment. *See In re A.M.*, 2012 ME 118, ¶ 14, 55 A.3d 463 ("When due process is implicated, we review . . . procedural rulings to determine whether the process struck a balance between competing concerns that was fundamentally fair." (quotation marks omitted)).

The entry is:

Judgment affirmed.

Allan E. Lobozzo, Esq., Lewiston, for appellant John Knoblach

Martin J. Ridge, Esq., Beagle Steeves & Ridge, LLC, Portland, for appellee Stacylee A. Morris

Lewiston District Court docket number FM-2012-208
FOR CLERK REFERENCE ONLY