STATE OF MAINE                                  SUPERIOR COURT
ANDROSCOGGIN, ss                                CIVIL ACTION
                                                DOCKET NO. AP-19-009

John Knoblach,                        )
                                      )
        *Plaintiff/Appellant,*        )
                                      )
    v.                                )         **Order on Appeal**
                                      )
Stacylee Morris and Robert DeRice,    )
                                      )
        *Defendants/Appellees.*       )

This matter comes before the court on the appeal of Plaintiff/Appellant John Knoblach from the District Court decision dismissing his small claims action.

### *Factual and Procedural History*

On March 29, 2019, Knoblach filed a small claims complaint, or statement of claim, against Defendants/Appellees Stacylee Morris and Robert DeRice [hereafter Morris and DeRice], who are Knoblach's ex-wife and her current husband. Knoblach's claims against Morris and DeRice arise out of the proceedings in the divorce action between Knoblach and Morris. The complaint specifically states in relevant part as follows:

> On May 26, 2016 I was served a subpoena from Defendant (Morris) for Contempt. The Contempt hearing was 9 days later. Defendant (Morris) lied in her sworn statement and perjured herself again at trial to get a positive ruling and to receive additional alimony than ordered at divorce. The Court did find me in contempt based on Defendant's lies. Defendant requested court send me to jail twice for non-payment, also based on her lies. At the 2d hearing she perjured herself again, claiming I still never paid, and also claimed she never heard of the bank where the money was held.
>
> . . . . Court ordered me to pay her over $9000 and over $3,300 in her lawyer fees. The bank provided the first copies of the checks that DEFENDANT MORRIS cashed 3 years earlier (proving that she was already paid in full) on 6/20/16, weeks after the contempt hearing. . . .
>
> I am adding DERICE as a DEFENDANT as he was/is DEFENDANT MORRIS' fiancé, and he had stated all monetary communication must go through him.

1

> Most if not all payment records were already sent and received by the DEFENDANTS and their lawyer after trial.

> . . . .I ask the court to find that DEFENDANT MORRIS lied, that her lies were the only factor in determining that I was in contempt and request the court order the same payment schedule with the same dire warnings about jail time that was placed on me.

Before the date set for trial, Morris and DeRice moved to dismiss the claim for failure to state a claim, and more specifically based on res judicata as to Morris[1]. After continuing the trial date in order to consider the matter, the District Court (Martin, J.) granted the motion to dismiss as to both Morris and DeRice on May 23, 2019. Knoblach moved to reconsider; that motion was also denied, and this appeal followed.

### Issue Presented and Standard of Review

On appeal, the court reviews an order dismissing a complaint de novo. *Estate of Treworgy v. Comm'r*, HHS, 2017 ME 179 ¶10. Ordinarily on a motion to dismiss, the court must consider only the facts alleged in the complaint, examining the complaint in the light most favorable to the plaintiff to determine whether it alleges facts entitling him to relief. *Argereow v. Weisberg*, 2018 ME 140, ¶ 12. When the issue of res judicata is raised as a defense in a motion to dismiss, the facts establishing the defense may not appear completely in the statement of claim. Therefore, in a motion to dismiss on the grounds of res judicata, the court may also "consider official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint" in addition to the allegations in the complaint. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20 ¶ 10.[2] In this case, it is appropriate for the court to

---

[1] They also moved to dismiss on the ground that venue was improper; the motion was appropriately denied because the divorce proceedings, including the contempt, occurred in Lewiston District Court. *See* 14 M.R.S. § 7483.

[2] As the Law Court explained,

2

consider pleadings and decisions in the divorce action, as those are documents referred to in the complaint, central to Knoblach's claims, and public documents – indeed, documents of which the court can take judicial notice.[3] Knoblach argues that the claim is not barred because he states an independent claim for perjury pursuant to 14 M.R.S. § 870; the issue of statutory interpretation is a question of law which is also reviewed de novo on appeal. *In re Children of Mary J.*, 2019 ME 2 ¶ 8; *Passamaquoddy Water Dist. v. City of Eastport*, 1998 ME 94 ¶ 5.

## Res Judicata

There can be little question that, unless he states a claim under the civil perjury statute, Knoblach's claims against Morris are barred by res judicata. The doctrine of res judicata, or claim preclusion, bars relitigation of a claim between the same parties or their privies after a final judgment in an earlier case involving the same claims. *Beegan v. Schmidt*, 451 A.2d 642, 644 (Me. 1982). The bar extends to all issues which were tried or could have been tried in the earlier action. *Id.* Here, the contempt proceeding in the divorce case was between the same parties, was fully litigated, and resulted in a final judgment. Knoblach is therefore barred from relitigating the issue of his contempt in this case, including issues of whether Morris was credible. *Knoblach v. Morris*, 2017 ME 116.

---

This narrow exception allows a court to consider official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged. *Alternative Energy, Inc.*, 267 F.3d at 33. These documents will merge into the pleadings. *Id.* The purpose for this exception is that if courts could not consider these documents, "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp.*, 998 F.2d at 1196.
*Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20 ¶ 10.

[3] Knoblach filed many other documents both with the trial court and this court on appeal, documents which he planned to use at trial as evidence. Few of those are appropriate for consideration in connection with a motion to dismiss, however, where the analysis is whether Knoblach has stated a claim at all.

3

To the extent Knoblach's claims against DeRice rest upon allegations arising from litigation in that case, such a claim is derivative and would also be barred by res judicata. Res judicata bars relitigation of issues between the same parties as well as their privies. If Knoblach is alleging DeRice acted as Morris' privy in the contempt proceeding, the claim is barred. *See Dep't of Human Services v. Richardson*, 621 A.2d 855, 856 (Me. 1993) (privity requires mutual relationship establishing commonality of interest).[4]

### *Civil Perjury*

Knoblach asserts that he has pled a claim under the civil perjury statute, a claim which is not barred by res judicata. That statute states in relevant part as follows:

**1. Action; within 3 years.** When a judgment has been obtained against a party by the perjury of a witness introduced at the trial by the adverse party, the injured party may . . . bring an action against such adverse party, or any perjured witness or confederate in the perjury, to recover the damages sustained by the injured party by reason of such perjury. The judgment in the former action does not bar an action under this section.

**2. Specificity of claim.** A claim under this section must identify the specific testimony alleged to be false at the initial filing of the claim.

**3. Record; evidence.** A claim may not be submitted under this section solely on the same record as in the former trial. Evidence discoverable by due diligence before the trial cannot be introduced as new evidence to establish perjury.

**4. Standard of proof.** The plaintiff in an action under this section must prove the alleged perjury by clear and convincing evidence.

**5. Affirmative defense.** It is an affirmative defense to an action under this section that the plaintiff has no new evidence to present concerning the alleged perjury.

**6. Strictly construed.** The pleading and proof requirements of this section must be strictly construed.

14 M.R.S. § 870. The statute requires the complaint to "identify the specific testimony alleged to be false". *Id.* at § 870(2). The pleading requirements of the statute must be strictly construed.

---

[4] The court is not deciding that DeRice was, in fact, Morris' privy, but simply noting that even if he were, the claim would be barred.

4

*Id.* at § 870(6); *Spickler v. Greenberg*, 644 A.2d 469, 472 (Me. 1994). A strict construction of the statute requires the complaint to show that information demonstrating the falsity of the testimony was unavailable to the claimant before the underlying judgment was entered. *Bean v. Cummings*, 2008 ME 18 ¶14. Unless Knoblach's statement of claim shows newly discovered evidence regarding the perjury, evidence which could not have been discovered by due diligence before the contempt trial, Knoblach cannot prevail under this statute. *Id.*

In a small claims case, the rules require the statement of claim to contain "a short and plain statement of facts showing that the plaintiff is entitled to relief." M.R. Sm. Cl. P. 3. That rule is really no different than the requirements of other civil actions. *Compare* M.R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief . . ."). In regular civil actions averring fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." M.R. Civ. P. 9(b). Even if Rule 9(b) does not apply to a small claims action, the statutory requirements do. Nothing in § 870 exempts small claims actions, and indeed to do so would be contrary to the purposes of the statute. *Bean*, 2008 ME 18 ¶13 ("Heightened pleading requirements are necessary to ensure that disgruntled litigants are not able to use civil perjury claims as a means to re-litigate cases when they are displeased with the outcomes.") The pleading requirements of 14 M.R.S. § 870 apply to small claims as with all other actions.

Turning then to the specific allegations made by Knoblach in this case, and taking the facts alleged in the complaint as true, Knoblach fails to state a claim under 14 M.R.S. § 870. He alleges that Morris obtained a judgment against him in the contempt proceeding (and the subsequent show cause hearing) by perjury. He does not identify any specific testimony alleged to be false other than Morris "claiming I still never paid" and claiming "she never heard of the

5

bank where the money was held" at the show cause hearing. *Statement of Claim*, quoted above. Even assuming the claim sufficiently asserts that essentially all of her testimony that he owed her money was false, the claim nonetheless fails because the statement of claim identifies no evidence of perjury that could not have been discovered before the contempt proceeding. He asserts that the "bank provided the first copies of the checks that DEFENDANT MORRIS cashed 3 years earlier (proving that she was already paid in full) on 6/20/16, weeks after the contempt hearing." *Statement of Claim*. Even if that is true, however, such evidence was patently discoverable with due diligence before the trial. If Knoblach did not have his bank records in his possession, he could have obtained them in time for trial by means of a simple subpoena. He also could have asked to continue the trial, which he did not. *Knoblach v Morris*, 2017 ME 116 ¶2-3.[5] The issue is not whether he actually was in possession of the records before trial, but rather whether such evidence was discoverable by due diligence before trial – and it clearly was.

In summary, therefore, examining the statement of claim in the light most favorable to Knoblach to determine whether it alleges facts entitling him to relief, and viewing the statement of claim under 14 M.R.S. § 870 with the heightened scrutiny required by the statute and the cases

---

[5] In the appeal, the Law Court specifically noted as follows:

> Further, after Knoblach was served with the contempt subpoena informing him of the date of the hearing, he did not move to continue the hearing either in his answer to the contempt motion or at the hearing itself. Rather, the record demonstrates that at the contempt hearing, Knoblach presented evidence and argued his position, and that in its judgment the court considered and ultimately rejected Knoblach's contention on its merits.

> Additionally, Knoblach has argued in his post-judgment motion and his brief on appeal only that his attorney was unavailable during the week before the hearing. He has not described any additional evidence that he would have presented or how he otherwise would have proceeded differently . . .if he had had one additional day to prepare.

*Knoblach v Morris*, 2017 ME 116 ¶2-3.

6

trial, but rather whether such evidence was discoverable by due diligence before trial – and it clearly was.

In summary, therefore, examining the statement of claim in the light most favorable to Knoblach to determine whether it alleges facts entitling him to relief, and viewing the statement of claim under 14 M.R.S. § 870 with the heightened scrutiny required by the statute and the cases decided thereunder, Knoblach has failed to state a claim for civil perjury against either Morris or DeRice.[6] Accordingly, the judgment of dismissal is affirmed.

The entry is: Judgment affirmed. This Order on Appeal may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: March 25, 2020

Valerie Stanfill
Justice, Maine Superior Court

---

[6] With regard to DeRice, there is another defect: there is no allegation that perjury by DeRice was introduced at trial. *Kraul v. Maine Bonding & Cas. Co.*, 672 A.2d 1107, 1109 (Me. 1996) ("The plain meaning of the statutory language of section 870 requires that perjury of a witness be "introduced at the trial."")