STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
Location: PORTLAND
Docket No: BCD-CIV-2022-00040

GENERAL HOLDINGS, INC., )
)
Plaintiff, )
)
v. )
)
PAMELA GLEICHMAN, )
)
Defendant, and )
)
MARY F. WOLFSON, as Trustee )
of the HILLMAN MATHER )
NORBERG TRUST, and HILLMAN )
NORBERG TRUST, )
)
Parties-in-Interest. )

**ORDER DENYING MOTIONS TO DISMISS OF DEFENDANT AND PARTIES-IN-INTEREST**

M.R. Civ. P. 12(b)(6)

INTRODUCTION

Plaintiff General Holdings, Inc. ("General Holdings"), has brought a Complaint seeking a declaratory judgment that Defendant Pamela Gleichman ("Gleichman") has been dissociated as a general partner in each of forty-seven limited partnerships involving housing projects in Maine and Pennsylvania. Gleichman and the Parties-in-Interest (collectively the "Movants") have filed two Motions to Dismiss (the "Motions") on the grounds that the Complaint fails to state a claim. For the reasons discussed below, as presented the Motions do not allow the Court to reach the substantive issues. Accordingly, the Motions are denied.

STANDARD OF REVIEW

Dismissal of a civil action is proper when the complaint fails to state a claim upon which relief can be granted. M.R. Civ. P. 12(b)(6). When deciding a Rule 12(b)(6) motion to dismiss,

1

courts examine the complaint in the light most favorable to the plaintiff to determine whether they set forth elements of a cause of action or allege facts that would entitle the plaintiff to relief pursuant to some legal theory. *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676. Dismissal is proper only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim. *Id.* Importantly, while the complaint's factual allegations are considered as if they were admitted, *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, a court is not bound to accept the complaint's legal conclusions. *Seacoast Hangar Condo. II Ass'n v. Martel*, 2001 ME 112, ¶ 16, 775 A.2d 1166.

## ALLEGED FACTS

According to the  Complaint, Gleichman was a general partner in each of the limited partnerships at the time of their formation and for a period of time thereafter. A sheriff's sale of Gleichman's economic interests attendant to her general partnerships in the forty-seven limited partnerships was held on October 31, 2017. Each of the limited partnerships is governed by a limited partnership agreement, and each of the limited partnership agreements establishes a minimum financial or economic interest that must be held at all times by a general partner. Each of the limited partnership agreements also contain provisions causing the withdrawal or dissociation of a general partner upon the foreclosure of that general partner's economic interest in the partnership. The limited partnership agreements subsume within them the requirements of various loan documents and are subject to various federal requirements. General Holdings applied to Rural Development for consent to remove Gleichman as a general partner in each of the limited partnerships. Thereafter, amended certificates were filed with the appropriate state authorities stating that Gleichman was dissociated as a general partner.

## ANALYSIS

2

Movants argue that the Complaint fails to state a claim, because Gleichman was not removed as a general partner pursuant to the provisions of the applicable limited partnership agreements. Movants, however, supply only one of the forty-seven limited partnership agreements. Movants argue that the one agreement attached to their Motion is identical to all the other limited partnership agreements. General Holdings disputes this assertion, arguing that the relevant provisions of the limited partnership agreements are all similar but not identical. The Court is unwilling and unable to determine the dissociation issue without authenticated (or stipulated) copies of each of the limited partnership agreements. Movants contend it was the obligation of General Holdings to supply all of the limited partnership agreements, but Maine's notice pleading requirements impose no such requirement. *See Weinstein v. Old Orchard Beach Fam. Dentistry, LLC*, 2022 ME 16, ¶¶ 8-10, 271 A.3d 758 (distinguishing complaints challenged by an anti-SLAPP special motion to dismiss under 14 M.R.S. § 556, which require affirmative evidence of injury, from other civil complaints that need provide only fair notice of the cause of action) (citing M.R. Civ. P. 8(a)); *see also Johnston v. Me. Energy Recovery Co., Ltd. P'ship*. 2010 ME 52, ¶ 16, 997 A.2d 741 (notice pleading requires only a short and plain statement in language that describes the essence of the plaintiff's claim) (citation and internal quotation marks omitted). On its face the Complaint states a claim for a declaratory judgment and therefore the Motions must be denied.[1]

That said, the Court notes that in a related case the Court has interpreted certain provisions of the Second Amended and Restated Limited Partnership Agreement of Blair House Associates Limited Partnership. *Wolfson v. Blair House Assocs. Ltd. P'ship*, No. BCD-CIV-2021-00052, slip op. at 3-4, 6-7 (Me. B.C.D. Feb. 13, 2023). The Court anticipates that its interpretation of identical language in this case will be consistent with its prior interpretation, although application to the

---

[1] The Court is not persuaded by Movants' other arguments for dismissal, and in any event without a collection of the central documents, is unwilling to reach those arguments on a Motion to Dismiss.

facts of this case may or may not lead to a different conclusion. The Court cannot speak to how it may interpret language which is similar but not identical in other limited partnership agreements.

It may be that the Court can reach the substantive issues in this case through summary judgment practice. If any party wishes to file a motion for summary judgment, the party can follow the procedures specified in M.R. Civ. P. 134(b).

CONCLUSION

For all of the reasons set forth above, Movants' Motions to Dismiss are each denied.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.


Dated: _____**02/15/2023**_____

_____
Michael A. Duddy, Judge
Business and Consumer Court


Entered on the docket:  02/15/2023